## CAVE, use of WALLACE, v. BURNS.

1. The statute, allowing the plaintiff's oath as evidence in all suits on accounts for sums not exceeding one hundred dollars, applies to a demand for fifty dollars due on a horse swap.
2. A judgment on a note executed by the defendent and the plaintiff, as the joint sureties of a third person, is proper evidence under a plea of set-off, as laying the foundation to prove the payment of money at the plaintiff's instance.
3. When the record does not disclose the fact, parol evidence is admissible to show that a judgment against the defendant is founded on a note to which he and the plaintiff were sureties for another, the plea being set-off, and the attempt made to show money paid at the plaintiff's instance.
4. When one co-surety has been compelled by suit to pay the joint engagement, it is not competent for a co-surety, when sued for contribution, to show that the note, as between the principal debtor and the payee, was without consideration.

WRIT of error to the Circuit Court of Dallas.

Action before a justice of the peace by Cave, for the use of Wallace, against Burns, to recover a less sum than fifty dollars. After a judgment for the defendant, the plaintiff appealed to the circuit court where he filed a statement containing the common counts. The defendant pleaded non-assumpsit, want of consideration, and set-off.

Cave, use of Wallace, v. Burns.

At the trial, the plaintiff's account for fifty dollars, for balance due on a horse swap, was offered to be proved by his own oath; which, on motion of the defendant, the court refused to allow.

The defendant offered, under the plea of set-off, a judgment obtained against one Harrison and himself, and offered to prove by parol that said judgment was founded on a note made by said Harrison as principal, and by the defendant and plaintiff as sureties, and that the amount of it had been paid in full by the defendant previous to the commencement of this suit. Also, that Harrison was insolvent when the judgment was rendered. The plaintiff resisted this evidence, and excepted to its admission.

The plaintiff then offered to show, that the consideration of the note given by Harrison as principal, and by the plaintiff and defendant as sureties, had failed; but the court refused to allow this evidence; and the plaintiff excepted.

The several matters excepted to are now assigned as error.

G. W. GAYLE, for plaintiff in error.

EDWARDS, *contra*, insisted that plaintiff's oath was properly rejected. [Clay's Dig. 342 § 161.]

The money paid by the defendant as co-surety, was recoverable of the plaintiff. [Clay's Digest, 338 § 141.] And the question of consideration could not arise between the sureties. Whether with or without consideration, their relation to each other is the same.

GOLDTHWAITE, J.—1. The plaintiff's offer to prove his claim by his own oath, in our opinion, ought to have been allowed His demand was for fifty dollars, alleged to be due on an exchange of horses. Our statute permits this kind of evidence in all suits on accounts for a sum not exceeding one hundred dollars. [Clay's Digest, 342, § 161.] The term, account, in this statute does not mean several distinct items, but applies to any demand growing out of an express contract, even if it does not extend to implied ones, between the parties, and which is not evidenced by writing. The demand was not controverted by the oath of the defendant; and, therefore, the plaintiff's oath was admissible.

2. The record of the judgment upon the note, to which both

plaintiff and defendant were sureties for another person, was properly admitted, as laying the foundation for the defendant to prove his set-off, as, without that, it might be impossible to connect the payment with the surety debt. In this view, it was admissible, and, therefore, we need not inquire whether it might not be so in either aspects of the case.

3. It is also objected that parol evidence was admitted to show the judgment was founded on the note before spoken of. It may be that the record did not disclose the connection with the note, as would be the case if the declaration was alone on the common counts; for under these, the note could have been evidence. We are not informed what the condition of the record was; but the fact adverted to, is sufficient to prove that if such was the case here, the evidence was proper, and even absolutely necessary, to connect the note with the record. There is, therefore, no error in this particular.

4. The court properly excluded the plaintiff's evidence, when he proposed to show that the note, on which he and the defendant were sureties, had failed in its consideration. Conceding that this defence could have been made out, we do not perceive that it could affect the defendant's right to recover the proper proportion of the amount paid by him. No question of consideration is involved in the contest between co-sureties; for they enter into the undertaking without reference, as between themselves, to the consideration paid to their principal. If his contract was entirely without consideration, the relative rights of these parties would be precisely the same, and on payment by one, the right to contribution from the other is called into existence. Each has impliedly agreed with the other to protect him to the extent of the joint undertaking against the consequences arising out of the failure of the principal; and, therefore, when one has paid the whole or a part of the debt, he is entitled to recover from the other his rateable proportion. We do not find this point any where precisely adjudicated; but the case of Ford v. Keeth, [1 Mass. 139,] seems to turn on a question somewhat similar. There, the action was by a surety against his principal for money paid, and the latter defended on the ground, that the original contract was void for usury, by reason of which the surety might successfully have defended the suit against himself. It was held, however, that this did not excuse the principal from the action of the surety; nor

could it, unless express notice had been given to the surety of this defence by the principal, accompanied with a notice not to pay it. The same rule, we think, applies between co-sureties; and, therefore, the evidence offered was inadmissible.

For the error, in refusing the plaintiff's oath, the judgment is reversed, and the cause remanded.