## BROUGHTON v. ROBINSON.

1. Under the statute which allows one surety when sued by the common creditor to have judgment against his co-surety, it can be given only for one-half the sum of the creditor's judgment, notwithstanding the surety not sued may have received a full indemnity from the principal debtor.

2. The judgment in favor of one surety against the other is not dependent on the payment of the money, but on the judgment being obtained against him by the common creditor, and is allowed as a means to compel the co-surety to contribute to the payment of that judgment, and should be entered without condition.

3. The proof prescribed by the statute to be made at the trial, refers to the trial of the suit between the creditor and the surety sued by him, but this proof at that trial is unnecessary, when issues are formed between the sureties on the notice of motion of the one sued by the creditor.

4. When such issues are tendered by the defendant in the motion, it dispenses with the proof required to be made in the creditor's suit, and the judgment entry between the sureties need only show the matters necessary to sustain the jurisdiction of the court, as in other cases of summary proceedings.

5. In proceedings under this statute, the judgment entry should show—1. The pendency of a suit by the common creditor against the surety making

the motion—2. That he has notified his co-surety in writing of the pendency of the suit—3. That judgment has been rendered, and its sum in the creditor's suit—4. In judgments by default—that proof was made at the trial of the creditor's suit, that notice in writing was given to the co-surety, and also that the parties were sureties—and 5. When the judgment is for more than an aliquot portion of the debt—that the other co-sureties are insolvent to the number necessary to support the particular sum for which judgment is given.

6. A statement in the judgment entry that the common creditors' judgment was obtained on a verdict at a day which appears to be after trial, in which notice of its pendency was given to the defendant, will warrant the inference that it was pending at the time of the notice, that appearing to be some thirty days anterior to the judgment.

7. Although the common creditors' suit is against two of the sureties, one of whom in point of fact is insolvent, the solvent creditor is notwithstanding entitled to his motion against a co-surety not sued.

8. Under the statute, when notice is given by the surety sued to another not sued, the judgment of the common creditor, in the absence of fraud and collusion, is conclusive of the liability of the surety, and ascertains the amount of contribution between the sureties.

9. Although the judgment itself under such circumstances is conclusive, it is no error if the plaintiff introduces other regular evidence. Record evidence of the liability of the principal debtor, by the production of the creditors' judgment fixing his liability, is admissible, though unnecessary.

10. Where a surety is sued by the common creditor, and the statute of limitations runs out pending the suit, this is no defence by a co-surety to a motion by the surety against whom the creditor has obtained judgment. The liability as between sureties does not accrue until one has paid the common debt.

Writ of Error to the Circuit Court of Monroe.

MOTION by Robinson, against Nathaniel Broughton as a co-surety.

The notice is directed to Nathaniel Broughton, and is in these words:

"You will please take notice, that suit has been brought against me in the circuit court of Monroe county, in favor of Benjamin Fitzpatrick, Governor, for the use of E. W. Roberts, administrator *de bonis non* of Wm. C. Cooledge, on a certain bond given by Edward T. Broughton, Nathaniel Broughton, John R. Davis, William Robinson and Samuel Bozeman. Said bond dated 31st of August, 1837, payable

to Hugh McVay, acting Governor, and in the penal sum of $10,000. That said cause is now pending, and will be held for trial at the next term of the circuit court of Monroe county, to be held, &c. at which time I shall move for judgment against you as a co-surety on said bond." This is dated 5th October, 1846, and was served the 20th of the same month.

The defendant pleaded in short by consent—1. Non-assumpsit. 2. Payment. 3. Set off. 4. Statute of limitations applicable to sureties of sheriffs.

The judgment entry recites that the plaintiff, in support of his motion, showed to the court the notice above set out, executed on the defendant more than ten days previous to the term. The original bond made by Edward T. Broughton as principal, and the other parties named in the notice as sureties, bearing date as before stated, and conditioned for the faithful performance by said Broughton of the duties required of him by law as sheriff of Monroe county. The record and proceedings in the orphans' court of Monroe county, showing that Broughton, by virtue of his office as sheriff, was appointed administrator of the estate of William C. Cooledge; that said estate was duly declared insolvent; that on the 24th March, 1845, said orphans' court rendered a judgment in favor of E. W. Roberts, administrator de bonis non of said Cooledge, against said Broughton for $25,574; that afterwards, in July, 1845, an execution issued to, and was returned by the sheriff of Monroe county, no property. The record and proceedings of a certain cause determined at the then present term, wherein Fitzpatrick, Governor, for the use of E. W. Roberts, administrator de bonis non of said Cooledge was plaintiff, and William Robinson and John R. Davis were defendants; this suit being founded on the said official bond, and in which the plaintiff recovered judgment on verdict the 12th November, 1846, for $7000; and the defendant pleading, thereupon came a jury, who being sworn, &c. upon their oath do say, we find for the plaintiff, and that his claim is not barred by the statute of limitations; that the parties above named as sureties of Broughton were his sureties; that Broughton, by virtue of his office, was appointed administrator of said Cooledge; that Broughton, after the

expiration of his term of office, placed in the hands of the defendant property worth $6054, to indemnify him and the other sureties on said bond ; that Edward T. Broughton and John Davis are insolvent, and that Samuel Bozeman is dead, as well as his estate insolvent.   It was therefore considered by the court, that the plaintiff recover of the defendant the sum of $6527 for his damages, besides costs, for which execution may issue ; and that the clerk indorse on said execution that the money on it be paid to E. W. Roberts, administrator of William C. Cooledge, to be credited on his judgment against Robinson and Davis, unless said Robinson shall have paid said judgment against himself and Davis, in which event, to be paid to said Robinson.

At the trial, the plaintiff offered in evidence a judgment in the county court of Monroe, on the 24th March, 1845, in favor of E. W. Roberts, administrator *de bonis non* of the estate of William C. Cooledge, against Edward T. Broughton, former administrator of the same estate, by virtue of his office as sheriff.   This was objected to by the defendant, but admitted by the court.

The defendant proved that the term of office for which Broughton was elected, would have expired by limitation on the first Monday of August, 1840, and that he resigned his office four days previous thereto, and then ceased to discharge its duties.

The court was asked by the defendant to charge the jury, that the statute of limitations applicable to sheriffs' sureties was a bar to the plaintiff's recovery in this action.   This was refused.

The court then charged, that if the suit against Robinson and Davis was commenced before six years from the resignation of Broughton had elapsed, the statute was no bar to plaintiff's recovery in this motion, although the motion was instituted more than six years after such resignation.

The defendant excepted to the admission of the evidence objected to, as well as to refusal to charge as asked, and to the charge given.

He now assigns as error—

1. There was no proof of the execution of the sheriff's bond.

2. That there was no proof that the bond found by the verdict was the same bond on which Broughton's liability had accrued.

3. That the court erred in admitting the record of Broughton's appointment as administrator of Cooledge.

4. In admitting the records of that court, showing the insolvency of that estate.

5. In admitting the judgment obtained against Broughton by Roberts as administralor *de bonis non*.

6. In the charge given, and refusal to charge as requested.

7. Because the verdict does not conform to the pleadings.

8. In not finding the amount of damages.

9. Because it finds matters not put in issue by the pleadings.

10. Because the judgment does not pursue the verdict.

11. Because no judgment should have been rendered on the verdict.

12. Because it is rendered for a sum certain, when no damages are assessed.

13. Because there is no sufficient verdict to support the judgment.

14. Because it is rendered for the entire debt recovered of Robinson.

15. Because the judgment is conditional, and in the alternative.

16. Because the plaintiff, if the judgment stands, will contribute nothing to the common debt.

17. Because the judgment directs execution before the plaintiff has paid any thing.

18. Because it should have been rendered only for one-half the sum recovered from the plaintiff.

19. Because the judgment directs the money to be paid to Roberts, who is no party to the record.

BLOUNT, for the plaintiff in error.

LESLIE, contra.

GOLDTHWAITE, J.—1. We think this case will be most conveniently considered by ascertaining the general

principles which should govern it, rather than to separately examine the many assignments of error.

The statute under which the motion was made allows the recovery by one surety, when sued by a creditor, against another not sued, and directs, "that it shall be lawful for the person thus sued to notify in writing, his co-surety or sureties, or either or any of them, of the pending of the suit; and it shall be the duty of the court, &c., before which the said suit is to be tried, on proof being made at the trial that notice in writing has been given to said co-surety or sureties, and that the said parties are sureties, to enter up judgment in favor of the surety sued, against such co-surety or sureties, each thus notified as aforesaid, for the proportion of said debt or demand, with costs, which such co-surety or sureties should pay; that is to say, in case there is but one co-surety, then judgment shall be rendered in favor of the surety sued, for one half of said debt or demand, and costs; if there are two co-sureties of the person sued, then for one third; and at that rate according to the number of co-sureties : *Provided, however*, that if any of said co-sureties are insolvent, the surety thus sued as aforesaid, may on said motion, to be made as above, recover a judgment against said co-surety or sureties, thus to be notified, the proportion which said co-surety or sureties should pay, if such insolvent co-surety or sureties were not bound for said debt or demand." [Dig. 533, § 12.] This act is so precise as scarcely to present room for construction, and it is difficult to conceive how the court below could, in view of it, have arrived at the conclusion the plaintiff was entitled to judgment against his co-surety for more than one half the sum recovered from him. The circumstance that the principal debtor had previously deposited property in his hands for the common indemnity of all the sureties, does not, in our opinion, warrant the court in this summary mode of proceeding, from giving judgment for a different portion than the statute directs. In order to compel the defendant to make the proper application of this property, or the funds derived from it, the plaintiff has other and appropriate means to which he must resort.

2. Having ascertained a substantial error in the proceedings, we must go further, and see if sufficient matter appears to enable us to correct the judgment, in the event the other errors alledged at the trial are not sufficient to work its reversal, and to do this, the whole statute must be construed. It is scarcely possible the intention of this legislation could be to allow the surety moving against another surety, to collect the sum recovered until he had himself paid it to the creditor, unless as a means to compel the other surety to relieve him from the burthen of paying a just proportion of the common debt. The surety proceeded against would at all times have it in his power to restrain the judgment against himself by paying the common creditor the sum for which it was rendered. And consequently the evil is more apparent than real, when it is apprehended the surety would pocket the money, and leave the common debt unpaid. If the surety was compelled to pay the common debt before he could sue execution on this statutory judgment, he might well nigh be ruined by the delay. It is this view which probably induced the enactment, and thus permit the execution to run at the instance of the surety, so as to leave in his hands the power to compel his co-surety to make payment either to himself or the common creditor, and if he will not relieve himself by the latter course, we incline to think he would not be heard to restrain the latter on the apprehension that the money, if paid to him, would not be applied to the surety debt. There seems therefore no reason for appending any condition to the judgment; and if by any possibility the one added to this could affect the rights of the defendant, it would be here corrected. It is unnecessary to consider what its effect is in the conclusion we shall arrive at.

3. Another important question in the construction of this statute is, whether a judgment can be given on the motion of the surety, until one has been rendered against him in favor of the creditor. The statute, although it does not expressly declare this condition, evidently implies it, when it prescribes, that *on proof being made at the trial*, that notice, &c. has been given, judgment shall be entered against the one surety in favor of the other. The trial which is here spoken

Broughton v. Robinson.

of, evidently is that of the suit between the common creditor and the surety sued by him. The importance of this proof, and its connection with the right of the plaintiff to recover upon motion, will be considered in another point in the case.

4. It will be seen the statute provides no mode by which questions of fact shall be determined between the sureties themselves, yet it cannot be supposed the intention was to cut off the defendant from the right to investigate such questions. We think for this reason the act must be construed as defining what proof shall be made when the defendant to the motion, does not demand or tender an issue. When he does this, there seems to be no valid reason why the proof should first be made at the trial of the suit instituted by the creditor, and afterwards on the trial of issues growing out of the specific motion. In the present case, it appears the defendant contested the right of the plaintiff to a recovery, and tendered several issues. This, in our judgment, relieved the other party from all necessity to prove the particular matters required by the statute, in the trial of the suit of the creditor, and brings the case within the influence of the decisions of this court, which require in all summary motions, that the judgment of the court shall be sustained by the record, so far as to show the circumstances which confer the jurisdiction, whether the judgment is by default or otherwise, but leaving the facts, when an issue is formed, to be determined by the verdict, as in other cases. [Curry v. Bank of Mobile, 8 Por. 370 ; 5 Ala. 26.]

5. Looking then to the statute, it will be seen the circumstances which are necessary to confer jurisdiction are—1. That a suit shall be pending against some person who is a surety to a bill, note, bond, covenant, or other instrument in writing. 2. That he shall have notified his co-surety, or sureties, in writing, of the pendency of the suit. 3. That judgment has been rendered in the creditor's suit, and for what sum. 4. In judgments entered against the co-surety by default—that proof was made at the trial of the principal cause, that notice in writing had been given to the co-surety, and also that the parties were sureties. And, 5. When

117

the judgment is for more than an *aliquot* portion of the debt —that the other co-sureties are insolvent to the number necessary to support the particular sum for which judgment is given.

6. Although there is much immaterial matter contained in this entry, it will be found to contain substantially the recital of all the necessary allegations as indicated above, except the fourth, which became immaterial in consequence of the issue between the parties. The only point on which we are compelled to rely upon an inference is, that the suit by the common creditor was pending when notice of the motion was given by the plaintiff to his co-surety. With respect to this fact, the entry states that judgment was given on verdict, on the 12th November, 1846, during the same term at which the motion was tried. In view of the ordinary course of practice, we think the necessary intendment must be, that this suit was pending when the notice was given.

7. There is only one other matter in connection with the motion, to which it is necessary to advert. It will be seen the common creditor when suit was pending, had included two of the sureties in it, and that one of them was shown to be insolvent, as well as all the other sureties to the bond, except the parties to this motion. It may be questionable if the plaintiff, under these circumstances is precisely within the *letter* of the statute ; but we think he is clearly within its spirit and intention, as the object evidently is to give *any* surety the right to compel any other co-surety not sued, to contribute to the common burthen, according to the rule in equity, and cannot be defeated by the circumstance that the creditor has joined in his action another surety, who in point of fact is insolvent.

8. Having thus disposed of the construction of the statute, we shall apply ourselves to the bill of exceptions. There can be no doubt the statute intended, in the absence of collusion or fraud, to make the creditor's judgment against the one surety conclusive in the motion by him against his co-surety whenever the notice in writing of the pendency of the suit, and the fact the parties were sureties was shown, and this would seem the rule in actions at common law. In Cave v. Burns, 6 Ala. Rep. 780, we said, with reference to

the obligations arising between sureties, that "each implied-
ly agrees with the other, to protect him to the extent of the
joint undertaking against the consequences arising out of the
failure of the principal." They stand to each other then in
the relation of indemnitors, and when one has notice of the
suit against the other, if the one not sued omits to furnish the
other with the information necessary for the common defence,
he is in no condition to complain of injury, for his contract
is to bear the burthen jointly and equally. The rule obtains
in several of the States, that even without notice a judgment
against the one to be indemnified is *prima facie* evidence,
although the better rule is said to be, that notice is essential.
[See cases collected in Cowan & Hill's Notes, 817.]

9. But although the judgment itself is conclusive, it will
not follow there is error when the endeavor is to make the
case by regular extrinsic proof. This we presume was the
effort when the judgment in favor of Roberts, as administra-
tor *de bonis non* of Coolidge against the sheriff, as the for-
mer administrator was offered as evidence. This, coupled
with proof of a devastavit of the assets, would show a breach
of official duty, and thus fix the liability of the sureties to
the extent of the assets thus wasted. In this view the evi-
dence was admissible, though it certainly appears to be en-
tirely unnecessary.

10. The remaining question, upon the charge of the court
was ruled at least as favorable for the defendant as the law
will allow. If, as we have before said, the judgment of the
creditor, after notice of the pendency of the suit, is conclusive
upon the surety not sued, there is an end of the question, be-
cause the defendant did not take the necessary steps then to
induce his co-surety to interpose the defence. In point of
fact, however, the defence seems not then to have arisen, or
rather the suit was commenced by the creditor against the
plaintiff before the statute had run.

Under these circumstances, the statute creates no bar as
between these parties. The contract between the sureties,
as we have already seen, is one for mutual protection and
indemnity, consequently there can be no breach until a pay-
ment has been made by one on the common account. In
McBroom v. Governor, 6 Porter, 43, we say with reference

to the bar of the statute of *non claim,* that the rights of a
surety as against the estate of his principal, does not accrue
until the payment by him on account of the secured debt.
We think the law is the same between co-sureties.   There
was therefore in our judgment, no error in the instructions of
the court, or its refusal to charge as requested.   This dispos-
es of the entire case, for although several of the assignments
of error are not specifically noticed, it will be  seen they call
in question matters which received no notice at  the trial, or
do not arise in the case.   The result of our opinion is, that
the judgment should be reversed, because it is entered for the
wrong sum, but as the whole record, or rather the judgment
entry, furnishes the necessary  material to  enter the proper
judgment, it will be rendered here for $3,500, with interest
from the 12th November, 1846, and costs, unless the plaintiff
shall elect to  have the cause remanded.   Judgment accord-
ingly.