## WALLER *vs.* CAMPBELL.

1. When a judgment, rendered against the sureties on a guardian's bond, is paid in full by one of them, who then moves for a summary judgment against one of his co-sureties, the defendant cannot go behind the judgment and show that the guardian's default, for which the judgment was rendered, was not covered by their bond, but by a prior bond, to which he was no party, and on which the plaintiff was bound.

2. Nor will he be allowed to prove that the infant's attorney informed plaintiff, before the latter paid the judgment, that the suit was brought by mistake on the wrong bond, and that, unless the judgment was paid, another suit would be brought on the other bond ; and that plaintiff, after being so informed, paid the judgment.

3. If the judgment entry shows a verdict for the plaintiff in the motion on issue joined, this is equivalent to spreading all the facts recited in the motion on the record as proved.

4. Under the Code (§ 2645) a surety, who has paid a judgment rendered on a guardian's bond against himself and his two co-sureties, is entitled to a summary judgment, on motion, against one of his co-sureties, for one half the

amount paid, when the other surety is insolvent, and the principal was dead before the judgment was rendered.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN GILL SHORTER.

MOTION for a summary judgment by David Campbell against Charles R. Waller, for one half the amount paid by said Campbell on a judgment rendered in November, 1851, in favor of Hugh Watson, for the use of William G. Waller, as guardian of Rachel E. Lewis (late Waller), against Annis Waller, late guardian of said Rachel, and said David Campbell, Charles R. Waller, and John R. Waller, as sureties of said Annis on her guardian's bond ; said John R. being alleged to be insolvent.

The bill of exceptions states, that, on the trial of the motion, the plaintiff therein proved the rendition of the judgment against the obligors in the guardian's bond, as alleged in the notice of motion, at the Fall term, 1851, of the Circuit Court of Montgomery, for $82 05 ; that the suit on said bond was founded on an annual settlement made by said Annis Waller in the Probate Court on the 5th of April, 1847, showing a decree against her for $59 88 ; that he had paid on this judgment $102 73, on the 16th January, 1853, which satisfied it; that said Annis Waller had died before the judgment, and said John R. Waller was insolvent at the time this motion was instituted. The said bond was dated April 5th, 1847, the same day on which the decree of the Probate Court was rendered.

" The defendant then proposed to introduce proof, showing that said Annis Waller, some years before the said settlement in the Orphans' Court, was the guardian of said Rachel E., and had given the usual guardian's bond, with said David Campbell and one Spear as her sureties, and that this bond continued in force until the making of the other bond above described ; that while this first bond was in full force, said Annis Waller reported her accounts for allowance to the Orphans' Court, showing that the said sum of $59 88 was the balance due to her ward on said account ; that after giving forty days' notice, said account was allowed, and the decree rendered on the 5th of April, 1847, which was the decree re-

cited in the said judgment recovered against the sureties in the second bond ; and that said Campbell, as such surety on the first bond, was liable for the payment of said decree before the making of the said second bond on which he and said John R. and Charles R. Waller were sureties. This testimony was excluded by the court, and the defendant excepted,

"And the defendant also proposed to prove, in connection with this proof, that said Campbell had been informed by the counsel of said Rachel Waller that there was a mistake in bringing suit on the said bond of Annis Waller, Campbell, John R. Waller and Charles R. Waller, and that, unless the money was paid on the judgment as rendered, another suit would be brought on the said bond of Annis Waller, Campbell and Spear ; and that said Campbell, after being so informed, paid said judgment. The court excluded this proof, also, and the defendant excepted."

The judgment recites, that the parties came by attorney, and thereupon came also a jury, &c., " who, being elected, tried and sworn well and truly to try the issue joined between the parties, on their oath do say, that they find in favor of the plaintiff, and that the defendant is indebted to the plaintiff in the sum of $52 73 ; and it is therefore considered by the court, that the plaintiff recover of the defendant the sum of $52 73, the amount so found to be due to the plaintiff by the jury, together with the costs," &c.

The errors assigned are, first, that the court excluded the testimony, as shown by the bill of exceptions ; 2d, in rendering judgment on the verdict returned by the jury ; 3d, in rendering judgment without proof of the facts set forth in the notice ; 4th, that no judgment ought to have been rendered against appellant under the notice and motion ; and, 5th, that the court erred in rendering judgment against the appellant on the notice, motion, and facts shown in the record.

WATTS, JUDGE & JACKSON, for the appellant.
NAT. HARRIS, contra.

CHILTON, C. J.—The Circuit Court did not err in this case, in excluding from the jury the execution of the former bond by Mrs. Waller as guardian for Rachel ; for, if the de-

fault of the guardian did not create an obligation upon the sureties in this bond, when they were jointly sued by the ward, this should have been shown. After judgment, and after one of the sureties has paid the entire demand, it is too late, as between themselves, when contribution is sought to be recovered, to go behind the joint judgment against them, and show that no cause of action existed against them.

But if we concede that Campbell was bound upon the first bond, and that, pending that bond, Mrs. Waller came to a settlement of her annual account, when the sum which has been recovered against the sureties on the second bond was found due from her to her ward, it by no means follows that he is bound to pay the whole debt. It was entirely competent for Mrs. Waller to obtain other securities to unite with him, and share his responsibility as to any cause of action which might thereafter accrue in the course of her guardianship; and that this default did so accrue, is conclusively settled by the judgment against the sureties.—Broughton v. Robinson, 11 Ala. 930; Cave, use &c., v. Burns, 6 *ib.* 780-2.

Neither do we think there was error in excluding from the jury what the counsel of Rachel Waller said about the mistake in bringing suit upon the second bond. If he had authority to make the declaration so as to conclude his client, it is not shown that the judgment was in anywise vacated by the party who obtained it; and being in full force, the plaintiff had the right to pay it and look to his co-sureties for contribution.

Nor is the objection well founded, that the facts set forth in the motion do not appear as proved by the judgment entry. The parties took issue, as we must intend, upon the allegations contained in the motion; for it is said a jury were sworn to try an issue, and as none otherwise appears, we must presume such issue was a general denial by the defendant of what the plaintiff in the motion alleged; and the issue being found for the plaintiff, is equivalent to spreading the facts contained in the motion, as proved, upon the record.

What are the facts? A common creditor recovers a joint judgment against three sureties; one of them pays the whole judgment; another being insolvent, and the principal being dead, he moves against the third solvent surety for a summary

judgment for one half of the amount paid by him. The jury have affirmed these facts to be true; and although, under the law as it existed before the present Code went into operation, these facts would not have entitled the plaintiff below to this summary remedy, as we have held in Nation v. Roberts, 20 Ala. 544, yet the motion, being made since the Code became the law, is fully warranted by its provisions.—§ 2645, clause 1.

Let the judgment be affirmed.