## SLOCOVITCH *vs.* THE STATE.

46 227
97 50

[TRIAL OF INDICTMENT FOR SELLING LIQUOR, &c., WITHOUT PERSONAL PRESENCE OF ACCUSED.]

1. *Trial for indictable offense, cannot be had without personal presence of prisoner.*—No person indicted for a criminal offense, whether it be for a felony or a misdemeanor, can be tried without being personally present in court, and a judgment rendered upon a conviction obtained in his absence, if for a fine only, is erroneous, and will be reversed on appeal.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. C. F. MOULTON.

The case is fully stated in the opinion.

Neither the docket nor transcript shows the name of appellant's counsel.

Attorney General, *contra.*

PECK, C. J.—At the last February term of the city court of Mobile, the appellant was indicted for selling vinous and spiritous liquors without a license, and contrary to law.

Before the close of the term, he was arrested on a *capias*, issued for that purpose, and entered into an undertaking of bail, with two sureties, before the sheriff, for his appearance at the then present term of said court, and from term to term, until discharged by due course of law.

During the said term, the accused was called, and failing to appear, a judgment *ni si* was entered against him and his sureties; thereupon, on motion, the solicitor was permitted to proceed with the trial, without the appearance of the accused, and in his absence. The jury found him

guilty, and assessed a fine against him of fifty dollars, and a judgment was rendered for that sum and the costs of the prosecution. From this judgment the accused appeals to this court. The judgment must be reversed. In this State from the beginning, and, so far as we know, without exception, the practice has been to allow no one to be tried for an offense, whether for a felony or misdemeanor, in his absence. Section eighth of our bill of rights declares, "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either ; to demand the nature and cause of the accusation ; to have a copy thereof ; to be confronted by the witnesses against him ; to have compulsory process, for obtaining witnesses in his favor ; and in all prosecutions by indictment or informa- tion, a speedy public trial, by an impartial jury of the county or district, in which the offense was committed ; and that he shall not be compelled to give evidence against himself, or be deprived of his life, liberty or property, but by due process of law."

To try a party in his absence, in such a case, is to deprive him of many of the rights and privileges secured to him by this section of the bill of rights.

In this case, the trial was had, not only in the absence of the accused, but also without any plea or issue either of law or fact.

There can be no trial on the merits, in a criminal case, until the defendant has pleaded not guilty, or this plea has been entered for him by the court.—1 vol. Bishop's Crim. Prac. § 468 ; *Sartorious v. The State*, 24 Miss. 602. Section 4169 of the Revised Code provides, that "if a defend- ant, when arraigned, refuses or neglects to plead, or stands mute, the court must cause the plea of not guilty to be entered for him."

This shows the necessity of the personal presence of the defendant, on a criminal trial, and that no trial can be had in his absence. If absent, he cannot be said to refuse or neglect to plead, or to stand mute ; and it is only when he refuses or neglects to plead, or stands mute, that the court can cause the plea of not guilty to be entered for him.

Let the judgment of the court below be reversed, and the cause be remanded for further proceedings.