# Childs *v.* State.

*Indictment for Carrying Concealed Pistol.*

# Childs *v.* State.

*Indictment for Violating Sunday Law.*

|   |   |
|---|---|
| 97 | 49 |
| 97 | 54 |
| 97 | 49 |
| 98 | 85 |
| 97 | 49 |
| 111 | 6 |
| 97 | 49 |
| 119 | 9 |

1. *Judgment entry controls bill of exceptions.*—When the record of the pleadings and judgment entry affirmatively shows that the defendant did not plead to the indictment, it will be held conclusive of that fact, although the bill of exceptions states that the defendant plead not guilty in consequence of a statement by the court that otherwise he would not be allowed to cross-examine the witnesses for the State, nor introduce evidence in his own behalf.

2. *Conviction without plea erroneous.*—A judgment of conviction in a criminal case will be reversed when the record does not show that the defendant plead to the indictment, or that the plea of not guilty was entered for him by the court.

3. *Reference to law by title—when constitutional.*—That portion of the general law in the Code referred to in the special jury law for Geneva

county, (Acts 1890-91 p 1288) is not rendered unconstitutional by such act because it is expressly provided that such parts of the general law not modified by the act are continued in force.

4. *Presumption that officials perform their duty.*—When the law directs an act to be done by the sheriff on a certain day and the testimony of the only witness examined is that it was performed on that day or another specified day, he could not recollect which, the presumption is that it was performed on the day directed by the law.

APPEAL from Geneva County Court.

Tried before Hon. E. J. BORLAND.

The points presented for decision on appeal in these two cases, which were submitted together, are precisely the same.

The defendant moved to quash the venire of jurors summoned to attend court on the grounds: 1. That they were not drawn on the first Monday in January. 2. That they were not selected from the list as required by law. 3. That the act is unconstitutional, in that it requires that said jury shall be drawn as other juries under the general law in the Code. In support of his motion, defendant examined the sheriff of the county, who testified that he could not recollect whether he drew the jury on the first day, or the first Monday in 1892; that he prepared a list of jurors from the tax-books, that some of the names put in the box were freeholders, some not—some were women—some were men, who had before the drawing, moved from the State.

No counsel appeared for appellant.

W. L. MARTIN, Attorney-General for the State, cited *Guesnard v. L. & N. R. R.* 76 Ala. 453; *Auditor v. Jackson County*, 65 Ala. 142; *Johnson v. State*, 33 Miss. 363; *Smith v. State*, 67 Me. 328; *State v. Pitts*, 58 Me. 556; *State v. Carnes*, 20 Iowa. 82; *Colt v. Ives*, 12 Conn. 243.

COLEMAN, J.—The record of the pleadings and judgment entry in this case affirmatively shows, that the defendant was tried and convicted, as charged in the indictment, without having pleaded to the indictment; and affirmatively shows that the plea of "not guilty" was not entered by the court for him, and that there was no issue joined. In *Jackson v. The State*, 91 Ala. 55, we held, "There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court." *Fisher v. The State*, 46 Ala. 723; *Ib.* 227; *Fernandez v. The State*, 7 Ala. 511; 1 Bishop Cr. Pro. § 468.

In this case the bill of exceptions states, that the defen-

[Childs v. The State ]

dant pleaded "not guilty" in consequence of a statement of
the court, that unless he pleaded to the indictment, the
court would not permit him to cross-examine the State wit-
nesses or introduce evidence in his own behalf. We can
not conceive what principle of law, or criminal procedure,
the trial court can invoke, to sustain its action in this re-
spect. Without further reference to this question, it is
sufficient to say, that the pleadings proper and judgment
entries of the trial court constitute the records of the case,
in that court, and are no proper part of a bill of exceptions.
We can not therefore permit a statement in a bill of excep-
tions, which is not a proper part of it, to control the record of
the trial court. The record is as we have stated it, and
affirmatively shows that the defendant did not plead to the
indictment, that the court did not enter for him, the plea of
"not guilty," and that there was no issue joined, and sub-
mitted to the jury. This was error, for which the case must
be reversed.

The defendant moved to quash the venire, for causes,
which appear in the bill of exceptions. All the grounds of
the motion may be disposed of by the determination of a
single question.

The special act to regulate the trial of misdemeanors in
Geneva county, Acts of 1890–91, p. 1288 in Sec. 24, provides
that "the petit juries for each January and July Term shall
consist of one panel of twelve men, and shall be selected as
hereinbefore provided and impanelled as petit jurors are
under the general jury law, as it now stands under the Code
of 1886    ·    ·    ". Section 25 is as follows: "Be it further
enacted, that all the general jury law as it now stands in the
Code of 1886, relating to petit juries and petit jurors in the
Circuit Courts, except as modified or repealed by this act,
shall be in full force and applicable to petit juries and petit
jurors in the County Court."

The general jury law of the Code of 1885 referred to in
this special act, has the following provision: "Sec. 4314.
*What provisions directory merely,*—The provisions of this
chapter in relation to the selection, drawing and summoning
of jurors are merely directory; and juries, selected, drawn
and summoned, whether at an earlier or later day, must be
deemed legal, and possess the power to perform all the
duties belonging to grand and petit juries respectively."

It is contended that no part of the general jury law of the
Code of 1886, could be adopted as a part of the special act
by a mere reference to it, in the manner in which it is done
in the statute, but that it was necessary to set out in the act

itself, so much of the general jury law as was intended to be made a part of the special act. The constitutional provision so far as it bears on this question is that "no law shall be revived, amended or the provisions thereof extended, or conferred, by reference to its title only; but so much as is revived, amended, extended or conferred, shall be re-enacted and published at length."

The general jury law of the Code applied to the county of Geneva and continued to apply after the enactment of the special statute except so far as is modified or repealed, expressly, or by necessary implication, by the special act, and nothing contained in sections 24 and 25 of the act, which we have cited, did or could affect the applications of this rule of law. Each and every cause, except two, upon which the motion to quash the venire is based, has been adjudged and declared insufficient, as grounds for quashing a venire. *Gibson v. The State*, 89 Ala. 126; *Arp v. The State*, 97 Ala. 5, s. c. 12 So. Rep. 301. The two remaining grounds are 1st. "That the sheriff of said county, did not on the first Monday of January      ·      ·      obtain and prepare a list of all the householders who are freeholders" &c. 2nd. "That said jury was not selected from such list, as required by section 28 of the Act" &c.

As to the second ground, no proof was offered to show any irregularity in this respect, and we presume there was none. On the first ground, that is that "the sheriff, did not on the first Monday in January obtain and prepare a list of the householders who are freeholders" &c. On this point the sheriff was examined as a witness, and no other evidence was offered. He testified on examination "that he prepared the list on the 1st day or first Monday in January he did not recollect which, but that he prepared and drew the jury according to law". If section 4314 of the Code cited above, which is a part of the general jury law, applied to the special act for Geneva county, the time fixed, 1st. Monday in January, must be held as directory, by virtue of the express provision of the statute itself, and the failure to perform the duty on that day would not be sufficient ground to quash the venire. As was said in *Bales v. The State*, 63 Ala. 34, "The statutory provisions are expressly declared to be directory; and a departure from them, which works no injury to a party accused of a criminal offense, can not be made the ground of objection to the whole array." Without reference to section 4314 of the Code, we are of opinion that in so far as the provision in section 22 of the special act requires that the sheriff shall obtain and prepare the list on

[Childs v. The State.]

the first Monday in January, it is merely directory.   In *Colt v. Evans,* 12 Conn. 243, it is said "where a city charter required that a certain number of jurors should be chosen on the 1st Monday of July and they were not chosen until the 8th day of August, that this provision was directory, and a jury empannelled from the jurors so chosen was a legal jury."

As sustaining the same principle see the following authorities:   *Johnson v. The State,* 33 Miss. 363;  *Smith v. The State,* 67 Me. 328;  *State v. Pitts,* 58 Mo. 556;  *State v. Carnes,* 20 Iowa.

The rule in this State is, that a "statute directing a public officer to do a thing in a certain time without negativing words, restraining from doing it subsequently, will be construed as directory, and not as limiting the exercise of the authority to the particular time."   *Com'rs v. Rather* 48 Ala. 433;  *Ex parte Holding,* 56 Ala. 458;  *State Auditor v. Jackson County,* 65 Ala. 142.   But apart from these considerations, what is the effect of the evidence of the sheriff as to the time when he performed the official duty, imposed by the statute? The presumption of law is, that the sheriff correctly and as required by law performed his duty in this respect. The most that can be said of his testimony, is that, there is some doubt, whether the list was obtained and prepared by him, on the first day of January or the first Monday in January.   This of itself is not sufficient to overcome the presumption of the law that as a public officer, he discharged his duty and complied with the law.   Considered altogether, his testimony tends rather to the conclusion that he did comply with the statute and acted on the first Monday in January.   His entire testimony is to the effect that he did not recollect whether "the list was prepared on the first day or the first Monday of January, but that he prepared and drew the jury according to law."   We can very well understand how it was, that the witness could not remember, as an independent fact, whether the statute required the list to be obtained and prepared on the first day or the first Monday of January, and yet know that the duty was performed on the day designated by the statute

Independent of the question, as to whether the jury law of the Code of 1886 became a part of the special act for Geneva county, under which these proceedings were had; or the attempt to make it a part in the manner adopted, controvened the constitutional provision quoted, it is clear that there was no error, in overruling the motion to quash the venire, or in excluding the testimony offered in support of the motion.

We would not be understood as intimating the special act, in the matter considered, was unconstitutional or failed of the purposes intended. Very many, if not uniformly so, of the acts of the legislature, establishing special and limited Courts, City Courts, having jurisdiction of legal and equitable rights, have adopted the rules of practice, and procedure of the Circuit and Chancery Courts, as provided by law, by a general reference and declaration to that effect without setting them out in full.

For the error in putting the defendant to his trial, without a plea or issue before the jury, the case must be reversed.

Reversed and remanded.