# Bowen v. The State.

### Indictment for Murder.

1. *Illegality in drawing grand jury, no objection to indictment.*—No objection can be made to an indictment by plea in abatement,

or motion to quash, because the names of grand jurors were not drawn from the jury box as required by law, or that there were no legal names in the jury box, or that the names were illegally drawn for any reason other than that they were not drawn in the presence of the officers designated by law.

2. *Venire not quashed because including jurors who had served within twelve months.*—It is no ground to quash a venire in a capital case, that there are persons on the venire who had served as jurors within twelve months preceding.

3. *Record must show day set for trial of capital case.*—The provision of law which requires the court to set a day for the trial of a defendant who may be punished capitally, is both mandatory and judicial, and the record on appeal must affirmatively show that the provision has been complied with.

APPEAL from Wilcox Circuit Court.
Tried before Hon. JOHN MOORE.

The court granted a motion to strike defendant's motion to quash the indictment, based on the same grounds substantially as the defendant's plea in abatement, *viz:* "1. Because the grand jurors who returned said indictment in said case were not drawn in the presence of the officers designated by law. 2. Because the grand jurors, who found said indictment in said case, were not drawn from the jury box of said county, as required by law; and, further, that they were not drawn at all. 3. Because the grand jurors who found said indictment in said case, were not drawn as required by law. 4. Because the grand jurors, who found said indictment in said case, were not first drawn by the jury commissioners of said county, from the jury box, as required by law. 5. Because there were no legal names in said jury box, at the time the law required the grand jury to be drawn therefrom."

The State, by its solicitor, joined issue on the first ground as set forth in the plea in abatement, and demurred to the other grounds thereof. This demurrer was sustained. Upon trying the issue joined upon the first ground of the plea in abatement, the court, after hearing the evidence, gave the general affirmative charge in favor of the State, and to this ruling the defendant duly excepted. Thereupon the defendant moved to quash the venire upon the ground that there were persons on the venire who had served as jurors within twelve months preceding. This motion to quash

[Bowen v. The State.]

the venire was overruled, and to this ruling the defendant duly excepted.

(No counsel marked for appellant.)

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—So far as the questions presented by appellant's motion to quash the indictment, and by his plea in abatement, with the exception of the first ground, they are substantially the same as those presented in the case of *Kitt v. The State*, 23 So. Rep. 485, and according to the principles declared in that case we hold, that the ruling of the court was free from error. Issue was joined upon the first ground, which averred that "the jurors were not drawn in the presence of the officers designated by law." The uncontradicted evidence was to the contrary of the fact averred in the plea, and the court properly charged the jury affirmatively for the State as to this ground.

The question raised by the motion to quash the venire, because there were persons on the venire who had served as jurors within twelve months preceding, has been disposed of adversely to the defendant in the following cases: *Arp v. State*, 97 Ala. 5 and cases cited; *Jones v. State*, 104 Ala. 32; *Childs v. State*, 97 Ala. 52; *Cross v. State*, 63 Ala. 40.

It has long been settled, that the provision of the law which requires the court to set a day for the trial of the defendant who may be punished capitally is both mandatory and judicial, and that the record on appeal must show affirmatively that the provision has been complied with. *Spicer's* case, 69 Ala. 159; *Washington's* case, 81 Ala. 36; *Burton's* case, 115 Ala. 1; *Sylvester's* case, 71 Ala. 17. The record is entirely silent as to these preliminary orders, indispensable to a legal trial, and necessitates a reversal of the case.

Reversed and remanded.