## SPANN v. TOWN OF HARTFORD.
### (4 Div. 424.)

Court of Appeals of Alabama.   Dec. 18, 1928.

Rehearing Denied Jan. 8, 1929.

E. C. Boswell, of Geneva, for appellant.

R. S. Ward, of Hartford, for appellee.

SAMFORD, J.   The defendant was convicted in the mayor's court of Hartford, and from this judgment he appealed to the circuit court under, and by authority of, section 1937, Code 1923, and upon the filing of the appeal the defendant demanded a trial by jury.   There was no trial by jury, but on December 15, 1927, the following entry appears as the minutes of the circuit court:

"The Town of Hartford, a Municipal Corporation, Pltf., vs. W. H. Spann, Defendant.   5652.   Public Drunkenness.   Appealed from Mayor's Court.

"December 15th, 1927, This cause coming on to be heard and it appearing to the court that the defendant has paid fine to the Town of Hartford and agreed to pay the cost and the same being considered, it is ordered and adjudged by the court that the plaintiff, for the use of the officers of said court, have and recover of the defendant the cost of this prosecution for which let execution issue."

When an appeal is perfected from a judgment of conviction in a mayor's or recorder's court to the circuit court having jurisdiction, the case is thereby transferred to the circuit court, there to be tried as if the case had originated in the circuit court. Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406.

While the decisions of our courts have designated prosecutions for violations of city ordinances as quasi criminal, all of the decisions recognize such prosecutions as being of such criminal nature as to be classed with criminal prosecutions, and in Barron v. City of Anniston, 157 Ala. 399, 48 So. 58, the justice writing the opinion enters into a full discussion of the question to sustain the conclusion reached in City of Selma v. Shivers, 150 Ala. 502, 43 So. 565, that: "The proceeding was quasi criminal.   It was commenced by affidavit and warrant and was essentially in the nature of a prosecution.   * * *   The fact that the case was triable de novo in the city court did not change the character of the proceeding from that of a prosecution criminal in its form and nature to that of a civil action in debt."

So we have here a judgment rendered against a defendant in a criminal case for the costs of court, without a trial, or an adjudication of guilt and in his absence.   This cannot be done.   The procedure is statutory, and must be followed.   The defendant is in

court to answer a criminal charge, and, without a trial or a confession in open court, no judgment can be entered against him in the main case, and, in this case, to render the judgment valid the defendant must be present. Slocovitch v. State, 46 Ala. 227; Jackson v. State, 91 Ala. 55, 8 So. 773, 24 Am. St. Rep. 860; Childs v. State, 97 Ala. 49, 12 So. 441.

It follows that the trial court was in error in rendering the judgment, and therefore the judgment is reversed, and the cause is remanded.

Reversed and remanded.