# Johnson *v.* The State.

*Indictment for Larceny, and for Receiving Stolen Goods.*

1. *Former jeopardy; void proceedings* —A former prosecution before a justice of the peace, based on an affidavit and warrant which were void on their face, can not be pleaded in bar of a subsequent prosecution by indictment, since the defendant was never in legal jeopardy.

2. *Sufficiency of affidavit and warrant of arrest* —A warrant of arrest to answer "a charge of *suspicion* of taking and concealing a barrel of flour," based on an affidavit alleging suspicion only, is void and proceedings founded on it do not put the defendant in jeopardy.

FROM the Circuit Court of Cleburne.

The record does not show the name of the presiding judge.

The defendant in this case, Marcus Johnson, was indicted for the larceny of a barrel of flour, the personal property of Thomas E. Luke ; and the indictment also contained counts for receiving and concealing the barrel of flour, knowing that it had been stolen. The defendant filed a special plea in bar, averring " that for the same offense for which he now stands indicted he was, on the 15th day of November. 1886, arraigned before J. L. York, justice of the peace for precinct No. 10, in said county, upon a charge in the following language, to-wit," setting out the affidavit ; " that defendant pleaded not guilty to said charge ; that on the hearing of said cause, by the order of said justice of the peace, this defendant was sent to jail, under a *mittimus* in the following language, to-wit," setting it out; " that said justice of the peace had jurisdiction to hear and determine said cause; and that the prosecution in said case was commenced without the agency, request, participation, connivance, or authority of this defendant."

The affidavit, as set out in the plea, was made by J. H. G. Luke, and stated that, " in said county, on or about the 12th day of November, 1886, one Marcus Johnson, col., from suspicion did take and carry from T. E. Luke's wagon one barrel of flour," describing its marks ; " and that Henry Beggs was found accessory in concealing the said flour, from suspicion ; against the peace," &c. The warrant of arrest, which is copied in the record, though not referred to in the plea, states the offense as " a charge of suspicion of taking and concealing one barrel of flour," &c., " amounting to larceny, alleged to have been committed by Marcus Johnson and Henry Beggs." The *mittimus*, or order directed to the jailor, was in these words : " On the examination of Marcus Johnson, charged with the offense of taking flour from T. E. Luke's wagon, amounting to larceny, it appearing that such offense has been committed, and that there is sufficient cause to believe that Marcus Johnson is guilty thereof; you are therefore commanded to receive him into your custody, and detain him until he is legally discharged."

The court sustained a demurrer to the special plea, and this is the only ruling here complained of.

PEARCE, KELLY & SMITH, for the appellant, cited 1 Bishop's Crim. Law, §§ 1013, 1014, 1029 ; *Bell v. State*, 44 Ala. 3.)3 ; *Lyman v. State*, 47 Ala. 693 ; *Robinson v. State*, 52 Ala. 587 ; *Grogins v. State*, 44 Ala. 9.

Thos. N. McClellan, Attorney-General, for the State, contended that the proceedings before the justice of the peace were void, and that the plea was fatally defective in several particulars.

Somervlle, J. — The plea of former jeopardy or acquittal, under whichever head it may be classed, was fatally defective, and the demurrer to it was properly sustained.

The affidavit and warrant, under which the appellant was arrested by the justice of the peace, and under which the proceedings before him occurred, alleged no probable cause to believe that the defendant was guilty of the offense charged. The constitution prohibits the issue of any warrant to seize or arrest any person, " without probable cause, supported by oath or affirmation."—Const. 1875, Art. 1, § 6 ; Code, 1876, §§ 4650, 4651. For this reason, the process was void, and the proceedings did not put the defendant in jeopardy. He was entitled at any time to his discharge under the writ of *habeas corpus*, on petition to the proper tribunal.

There are some other objections to the sufficiency of the plea, which need not be considered.

Affirmed.

