# Miles *v.* The State.

*Prosecution for Defamation.*

1.  *Trial on appeals from County Court; defects available.*—On appeal to the Circuit Court, from a judgment of conviction in the County Court, the trial is *de novo* (Code, § 4231), and mere inaccuracies or imperfections in the proceedings are not available; but, if the prosecution is founded on an affidavit which charges no offense, being substantially defective, and a demurrer is sustained to it, the court can not allow the solicitor to file a statement of the cause of complaint, nor proceed in the absence of both affidavit and statement.

2.  *Statutory words in indictment or affidavit.*—In a criminal prosecution, it is generally sufficient to follow the words of the statute creating or declaring the offense; but this rule does not apply when the statute fails to prescribe with definiteness the constituents of the offense, for this would violate the constitutional right of the accused "to demand the nature and cause of the accusation against him."

3.  *Defamation; sufficiency of affidavit charging.*—An affidavit which states that the defendant did "falsely and maliciously speak of and concerning J. W. R., in the presence of S. S., importing the commission of a felony by said J. W. R.," without more,, is substantially defective (Code, § 3773), and will not support a criminal prosecution for defamation.

FROM the Circuit Court of Russell.
Tried before the Hon. JESSE M. CARMICHAEL.

L. W. MARTIN, and JNO. W. SMITH, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was put upon trial and convicted in the County Court, upon complaint made under oath before a justice of the peace, and upon which the warrant of arrest issued. From the judgment of conviction the defendant appealed to the Circuit Court. The statute provides, that "the trial of appeals in the Circuit or City Court shall be *de novo,* and without indictment, or presentment by the grand jury; but the solicitor shall make a brief statement of the cause of complaint signed by him."—Code, § 4231.

When the case came on for trial in the Circuit Court, the defendant demurred to the affidavit made for his arrest, and the court sustained the demurrer. After judgment of the court sustaining the demurrer to the affidavit, against the ob-

jection of the defendant, the solicitor, by leave of the court, filed a statement of the cause of complaint, and the defendant was put upon trial upon this statement.

Mere inaccuracies or imperfections in the proceedings, before the County Court, can not be taken advantage of on appeal to the Circuit Court, where the trial is *de novo ;* but this rule can not be extended so as to authorize the arrest of a person and subject him to a prosecution in the Circuit Court, upon a mere statement of the solicitor, unsupported by an affidavit which charges an offense, and which affidavit is insufficient to authorize the issue of a warrant of arrest. The statute under which the prosecution began (Code, § 4204), provides as follows: "A party aggrieved, or desiring to bring a charge of misdemeanor before the County Court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest; and upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which, in common parlance, designates it) has been committed in said county," &c. The statute clearly provides that the offense must, in some way, be designated, either by name, or there must be such a statement of facts in the affidavit as to enable the justice of the peace or judge to determine that an offense is charged. The Constitution of the State protects persons from arrest, unless there is probable cause, supported by affidavit. An affidavit so defective in this respect as not to charge an offense, does not authorize the issue of a warrant of arrest, and furnishes no foundation for a prosecution to conviction, upon the affidavit, or statement of complaint by the solicitor.

The offense for which defendant was tried is "defamation." The language of the affidavit is, that "one Harrison Miles did falsely and maliciously speak of and concerning J. W. Robinson, in the presence of Sim. Sapp, importing the commission of a felony by J. W. Robinson," &c. The statute in regard to the offense of defamation, among other things, provides as follows: . . . "And any person who speaks, writes, or prints, of and concerning another, any accusation falsely and maliciously importing the commission by such person of a felony, or any other indictable offense involving moral turpitude," &c.—Code, § 3773. The general rule is, that it is sufficient, in making a criminal charge, to follow the words of the statute which declares the offense; but this rule does not apply when the statute does not prescribe with definiteness the constituents of the offense. The defendant has the constitutional right to "demand the nature and cause of his accusation," so

that he may identify the particular charge and offense.— *Turnipseed v. The State*, 6 Ala. 666; *Anthony v. The State*, 29 Ala. 23; *Beasly v. The State*, 18 Ala. 535; *Grattan v. The State*, 71 Ala. 344; *Carter v. The State*, 55 Ala. 181. The statute (Code, § 4702) provides, that if the party aggrieved makes affidavit that the misdemeanor, designating it by name, has been committed, that is a sufficient description of the offense to authorize the issue of the warrant; but, if this is not done, and the party aggrieved undertakes to set out the facts or constituents of the offense, he must do so with sufficient definiteness and accuracy as to enable the justice of the peace, or judge of the court, to see that an offense is charged, and so that the party charged may know the "nature and cause of his accusation." As framed, the affidavit charges no more in effect than that something was said of and concerning affiant, which, in the opinion of affiant, imported a felony. This is wholly insufficient. It may be true that affiant believed the words spoken imported a felony, and yet he may have been mistaken. The law gives him no authority to determine what constitutes the offense of defamation. This is the province of the law itself. We are clearly of the opinion that the court properly sustained the demurrer to the affidavit.

The judgment of the court judicially ascertained and adjudged that there was no sufficient complaint, or affidavit, which authorized the issue of the warrant and the arrest of the defendant, and both should have been quashed. We find no warrant in the law of this State for putting a party upon trial upon the mere statement of the solicitor, unsupported by a sufficient complaint under oath, and warrant of arrest. The judgment of the court, sustaining the demurrer to the affidavit, judicially determined that it charged no offense. With this judgment in force, declaring that the affidavit charged no offense the defendant was entitled to be discharged. The statute of limitations having perfected a bar, an order will be here made to that effect.

Reversed and rendered.