| 130 | 127 |
|-----|-----|
| 137 | 89 |
| 130 | 127 |
| f140 | 667 |

# Butler *v.* The State.

## *Prosecution for Larceny.*

1. *Prosecution for larceny; sufficiency of affidavit.*—Where, in a prosecution commenced before a justice of the peace, the affidavit recites "that the offense of larceny * * * was, in the opinion of the complainant, committed, and that" the defendant was guilty thereof; such affidavit charges no offense and is substantially defective, and will not support a judgment of conviction by a justice of the peace, nor a statement filed by the solicitor in the county court on appeal properly charging larceny, nor a judgment of conviction by the county court.

APPEAL from the County Court of Morgan.

Tried before the Hon. WILLIAM E. SKEGGS.

The prosecution against the appellant was commenced by W. S. Taylor making the following affidavit before D. D. Ford, a justice of the peace in Morgan county; "Before me, D. D. Ford, a justice of the peace for said county, personally appeared W. S. Taylor, who being duly sworn, deposes and says, that on the .... day of May, 1899, in said State and county, the offense of larceny of four sheep, the property of said W. S. Taylor, was in the opinion of the complainant committed, and that William Butler is guilty thereof." Upon this affidavit the justice issued a warrant of arrest, which was in words and figures as follows: Complaint on

oath having been made before me, that the offense of larceny has been committed and accusing William Butler thereof: you are, therefore, commanded forthwith to arrest William Butler, and bring him before me."

Upon the trial before the justice the defendant was found guilty, and he appealed to the county court. In the county court the solicitor of Morgan county filed the following complaint or statement: "The State of Alabama, by its county solicitor, complains and says, that within twelve months before the filing or making of the affidavit in this cause the defendant, William Butler, feloniously took and carried away four sheep of the value of one dollar and fifty cents per head, the personal property of William S. Taylor, against the peace and dignity of the State of Alabama." The defendant moved to quash the statement made by the solicitor and to strike it from the file upon the ground that it was founded upon the affidavit made before the justice of the peace, and that said affidavit charged no offense, and did not authorize the issuance of the warrant thereon. This motion was overruled. Thereupon the defendant demurred to said statement, assigning the same ground. This demurrer was overruled. On the trial of the cause there was a judgment of conviction, from which the defendant appeals.

E. M. RUSSELL, S. A. LYNNE and J. R. SAMPLE, for appellant, cited Code of 1896, §§ 4623, 4634; *Miles v. State*, 94 Ala. 107.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—The affidavit or sworn complaint made before the justice of the peace initiating this prosecution, and upon which Butler was tried in the justice's court, is wholly insufficient as the basis for a warrant of arrest, or further prosecution of the defendant, for that it is not the affirmation of the existence of *probable cause* for believing and the belief of affiant, but the affirmation of his mere *opinion* that the offense of larceny of four sheep has been committed and

that William Butler is guilty thereof. Such a complaint
will not support the judgment of the justice, nor the
statement filed by the solicitor in the county court nor
the judgment of the county court. The judgment of the
county court is invalid, and no valid judgment can be
rendered on this complaint.—*Johnson v. State,* 82 Ala.
29; *Miles v. State,* 94 Ala. 106. That judgment is,
therefore, reversed and set aside, and a judgment will
be here entered discharging the defendant.

Reversed and rendered.