# City of Selma v. Shivers.

## Violating City Ordinance.

(Decided April 11, 1907.    43 So. Rep. 565.)

1. *Appeal; Record Showing Error; Sufficiency.*—Where it is not shown by the bill of exceptions or the record that the case was not on the civil docket at the time the motion was made to transfer it from the criminal to the civil docket the overruling of such a motion to transfer a prosecution for a violation of a municipal ordinance does not show error.

2. *Action; Violation of Municipal Ordinance; Nature.*—A prosecution for a violation of a municipal ordinance, begun by affidavit and warrant is quasi criminal and triable de novo on appeal.

3. *Municipal Corporations; Ordinances; Affidavit for Violation.*—An affidavit charging one with violating a municipal ordinance which avers that the affiant has probable cause for believing and does believe that the designated offense has been committed and charging accused with the offense, is not the equivalent for probable cause for believing that the accused is guilty thereof, and is defective under the provisions of section 4600, Code 1896.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Paul Shivers was charged with violating an ordinance of the city of Selma. From a judgment discharging accused, the city appeals. Affirmed.

The affidavit charges that Henry Fair has probable cause for believing and does believe that on or about the 23d day of December, within the limits of Selma and in the county of Dallas, the offense of assault with weapon

has been committed, and charging Paul Shivers with the offense. Motion was entered in the city court to quash the affidavit, upon the grounds that it fails to aver that there is probable cause for believing that the defendant is guilty of the offense charged therein; and (2) said affidavit fails to aver that there is probable cause for believing that an offense against the laws of Alabama, or of Selma, has been committed, and that there is probable cause for believing that the defendant committed the same.

ROBERT C. YOUNG, and H. F. REESE, for appellant.— This is a civil action in the nature of an action for debt. —McQuillin Munic. Ord. § 304, and cases cited; Dillon Munic. Corp. § 409; *Brookville v. Gayle*, 73 Ind. 117; *Town of Partridge v. Schneider*, 78 Ill. 519; *Buffalo v. Schliefor*, 25 Hun. (N. Y.) 275; *City of Lead v. Clapp*, 75 N. W. 896; *Edenton v. Wool*, 65 N. C. 379; *Oshkosh v. Schwarz*, 55 Wis. 483; 55 Ill. App. 227; 91 Tenn. 370. The action was for a recovery of the penalty.—*Markle v. Akron*, 14 Ohio, 586; *Cincinnati v. Gwen*, 10 Ohio, 192; 1 Chitt's Pl. 101. Under the provisions of the charter of the city of Selma, this was essentially a civil action. The motion to quash the affidavit came too late.— *Crawford v. The State*, 112 Ala. 117; *Ex parte Winslow*, 32 Ala. 419; *Russell v. The State*, 33 Ala. 366; *State v. Matthews*, 9 Port. 370; *City of Selma v. Stewart*, 67 Ala. 328. After a plea to the merits a motion to quash or a plea in abatement comes too late.—*Jackson v. The State*, 74 Ala. 26; *Horton v. The State*, 47 Ala. 58; *Davis v. The State*, 112 Ala. 13. Appeals from the municipal code of Selma are governed by the same rule and to be tried in the same way as appeals from the justice of the peace and objections not availed of in the lower court cannot be availed of on appeal.—*L. & N. R. R. Co. v. Barker*, 96 Ala. 435; *W. Ry. Co. v. Lazarus*, 88 Ala. 453; *Burns v. Henry*, 67 Ala. 209; *Glaze v. Blake*, 56 Ala. 379. The affidavit was not subject to the infirmities pointed out.—*Johnson v. The State*, 82 Ala. 29; *Butler v. The State*, 130 Ala. 127; *Townsend v. The*

*State* ,137 Ala. 91.; *Streeter v. The State,* Ib. 93; *Monroe v. The State,* Ib. 88.

CRAIG & CRAIG, for appellee.—No brief came to the Reporter.

DOWDELL, J.—This was a prosecution commenced by affidavit and warrant for the violation of a municipal ordinance. The affidavit was made by one Henry Fair. The offense charged was one against the criminal laws of the state, as well as against the ordinance of the municipality. The case was tried in the mayor's court, and the defendant was found guilty in said court, and was there sentenced to pay a fine of $20 and in default of the payment thereof to perform four days' hard labor on the streets. From this conviction the defendant appealed to the city court of Selma. The prosecution, being one for the violation of a municipal ordinance, was quasi criminal. In the city court, on motion of the defendant, the court quashed the affidavit upon which the prosecution was commenced. The bill of exceptions recites that the city of Selma excepted to this ruling of the court and thereupon took a nonsuit in said cause. There are two assignments of error on the record, the first being that "the court erred in overruling motion of appellant to transfer case from criminal to civil docket." The second assignment is that "the court erred in sustaining the motion of the defendant in the court below to quash the affidavit in this cause."

It appears from the bill of exceptions that a motion was made in the city court to transfer the case from the criminal to the civil docket, which motion was by the court overruled. If this were an important question, and we do not think it is, it is sufficient to say that as a matter of fact it is not shown, by the bill of exceptions or elsewhere in the record, that the case was not already stated on the civil docket at the time the motion was made, and for that reason it was overruled. The fact that a motion was made to transfer a case from the criminal to the civil docket, of itself and alone, would not affirmatively show, for the purpose of putting the court

[City of Selma v. Shivers.]

in error for overruling the motion, that the case was in fact on the criminal docket. As stated above, the proceeding was quasi criminal. It was commenced by affidavit and warrant, and was essentially in the nature of a prosecution. It was not in any sense an action for debt. The fact that the case was triable de novo in the city court on appeal from the mayor's court did not change the character of the proceeding from that of a prosecution criminal in its form and nature to that of a civil action in debt.

The affidavit upon which the warrant was sued out was fatally defective, in that it did not affirm a probable cause for believing the defendant guilty of the offense charged. It is true that the affidavit states that affiant had "probable cause for believing, and does believe," that the designated offense was committed; but it does not state that affiant has "probable cause for believing" that Paul Shivers, the defendant, is guilty of said offense. A "probable cause for believing" that Paul Shivers is guilty of the offense charged is essentially different from a statement charging Paul Shivers with the offense without affirming a probable cause for belief of his guilt. Again, after affirming in the affidavit a probable cause for believing, and affiant's belief, that a designated offense has been committed, followed with the statement, "and charging Paul Shivers with the offense," is not the equivalent of affirming the guilt of Paul Shivers of the offense, or of a probable cause for believing him guilty of the offense charged.—Cr. Code 1896, § 400. The omission to affirm a probable cause for belief of the defendant's guilt rendered the affidavit fatally defective and void.—*Monroe v. State,* 137 Ala. 88, 34 South. 382; *Butler v. State,* 130 Ala. 127, 30 South. 338; *Miles v. State,* 94 Ala. 106, 11 South. 403; *Johnson v. State,* 82 Ala. 29, 2 South. 466; Code 1896, § 4600.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.