# Chappell *v.* The State.

## *Habeas Corpus.*

(Decided June 30, 1908. 47 South. 329.)

1. *Criminal Law; Affidavit; Sufficiency.*—The mittimus issued upon a judgment based on an affidavit and warrant so defective that it would not support a valid judgment, is void.

2. *Indictment and Information; Affidavit; Sufficiency.*—An affidavit which alleges that the affiant "has cause to believe, and does believe that in his opinion, accused unlawfully delivered liquor in a prohibition district, is fatally defective, and will not support a judgment of conviction, and of consequence will not support a mit-·timus.

3. *Habeas Corpus; Committment; Review.*—Although mere irregularities would not avail to a discharge on habeas corpus, matters of substance will, and a committment under an affidavit that is fatally defective is a matter of substance under section 7033, Code 1896, authorizing a discharge on habeas corpus.

(Dowdell, J., dissents.)

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

Application by George Chappell for his discharge on habeas corpus from imprisonment by virtue of a mittimus issued by a justice of the peace on a criminal charge. From an order denying the petition, George Chappell appeals. Reversed and rendered.

The petition was as follows:

"To the Honorable A. A. Evans, Judge of the Third Judicial Circuit. Your petitioner, George Chappell, respectfully represents unto your honor as follows: (1) That he is imprisoned in the county jail of Bullock county, Ala., by J. G. Carmichael, as sheriff of said county, under and by virtue of a mittimus issued out of the justice court of J. K. Franklin, justice of the peace for said county, on a charge of delivering spiri-tuous, vinous, malt, or intoxicating beverages or liquors,

the sale of which is prohibited by law within Bullock County, Ala., the same being a prohibition district, a copy of which said mittimus is hereto attached, as well as a copy of the affidavit and warrant in said cause. (2) Your petitioner further represents unto your honor that his detention as aforesaid is unlawful, for the following reasons, to wit: First. Said affidavit fails to charge any offense known to the laws of Alabama. Second. The evidence in said cause is insufficient in law to warrant the detention of the petitioner. Third. Said affidavit purports to be made and warrant issued under and by virtue of an act of the Legislature of Alabama approved July 9, 1907, entitled 'An act to prohibit the shipment, transportation, delivery or soliciting of orders for the sale of any spirituous, vinous, malt or intoxicating liquors, beverages or bitters into any prohibition district in the state of Alabama,' and said act of the Legislature is obnoxious to the provisions of section 45, article 4, of the Constitution of Alabama, in that said act or law contains two or more subjects, and also that the subjects of said act or law are not clearly expressed in its title. Fourth. The evidence in said cause does not make out a case of the violation of said act. Fifth, the delivery of spirituous, vinous, and intoxicating liquors, etc., within any prohibition district in the state of Alabama, is not clearly expressed in the title of said act." Then follows the usual prayer.

The witnesses examined on behalf of the state on the preliminary trial are set out, and the affidavit, warrant, and mittimus are attached as exhibits. The usual mandate was issued to the sheriff to have the body of petitioner before the judge, with the cause of his detention, etc. The sheriff made the return as follows:

"To the Honorable A. A. Evans, Judge of the Third Judicial Circuit of Alabama: Now comes J. G. Carmichael, sheriff of Bullock county, Ala., and herewith

produces the body of George Chappell, in response to the above writ of habeas corpus, and for answer thereto says that he has and holds the said George Chappell in the jail of Bullock county, Ala., as sheriff thereof, under and by virtue of a mittimus issued by J. K. Franklin, justice of the peace, on the charge of delivering spirituous, vinous, malt, or intoxicating liquors, beverages, or bitters in Bullock County, Ala., a prohibition district in said state, a copy of which said mittimus is hereto attached and made a part hereof, and that said George Chappell has never tendered to said sheriff any bail bond, as required by said mittimus or by law, for his release; and said sheriff also herewith presents a copy of the affidavit and warrant in said cause, which is hereto attached and made a part hereof.

"This March 6, 1908.

"J. G. Carmichael,

"Sheriff of Bullock County, Ala."

The affidavit, warrant, and mittimus so attached are as follows:

"The State of Alabama, Bullock County. Before me, J. K. Franklin, a justice of the peace in and for said county, personally appeared A. L. Hixon, who, being duly sworn, deposes and says on oath that in said county he has cause to believe and does believe that, in his opinion, in said county, on or about the 11th day of February, 1908 George Chappell delivered spirituous, vinous, malt, or intoxicating liquors, the sale of which is prohibited by law in said county, against the peace and dignity of the state of Alabama.

"Sworn to and subscribed before me this 24th day of February, 1908.

"J. K. Franklin, Justice of the Peace.

"The State of Alabama, Bullock County. To Any Lawful Officer of Said County—Greeting: You are hereby commanded to arrest George Chappell and

[Chappell v. The State.]

bring him before me, J. K. Franklin, to answer the state of Alabama on a charge of delivering spirituous, vinous, or malt liquors, intoxicating liquors, beverages, or bitters, in Bullock county, Alabama, a prohibition district in said state. And have you then and there this writ, with your indorsement thereon.

"Witness my hand this 24th day of February, 1908.

"J. K. Franklin, Justice of the Peace.

"The State of Alabama, Bullock County. To the Jailer of Bullock County: On examination of George Chappell, charged with the offense of delivering spirituous, vinous, malt, or intoxicating liquors, beverages, or bitters, the sale of which is prohibited by law in Bullock county, it appearing that such offense has been committed, and that there is sufficient cause to believe that George Chappell is guilty thereof, you are therefore commanded to receive him into your custody, and detain him until legally discharged.

"Dated this 26th day of February, 1908.

"J. K. Franklin, J. P."

The following were the agreed facts: That said George Chappell was a citizen of Union Springs, Bullock county, Ala., and on the 10th day of February, 1908, he purposed going to Montgomery, Ala., and so informed one Jim Blackmon, who then and there gave to said George Chappell in Union Springs, Bullock county, Ala., $1, with the request that the said Chappell purchase for him in Montgomery two quarts of whisky and bring the same back to him at Union Springs. That on said day said Chappell went to Montgomery, and there purchased said whisky for said Jim Blackmon, and brought the same to Union Springs, and on the 11th day of February, 1908, he delivered the same to Jim Blackmon in Union Springs.

[Chappell v. The State.]

ERNEST L. BLUE, for appellant. Counsel discusses the constitutionality of the act under which the prosecution was brought, but does not discuss the points decided in the opinion.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. Counsell discuss the constitutionality of the act but do not discuss the questions decided.

McCLELLAN, J.—In our opinion the prisoner should be discharged. The affidavit exhibited with the petition, to which, alone, on this record, the attaching of the jurisdiction of the justice of the peace can be referred, and out of a hearing of which the mittimus presented by the sheriff issued, omitting other unimportant features, avers that the affiant "has cause to believe and does believe that *in his opinion*" (italics supplied) the defendant unlawfully delivered liquor in a prohibitory district.—In *Butler's Case*, 130 Ala. p. 129, 30 South. 338, treating a practically similar affidavit, it was said: "Such a complaint will not support the judgment of the justice, nor the statement filed by the solicitor in the county court, nor the judgment of the county court. * * * No valid judgment can be rendered on this complaint."—*Johnson's Case*, 82 Ala. 29, 2 South. 466; *Miles' Case*, 94 Ala. 106, 11 South. 403. Butler was discharged here. If a valid judgment could not be rendered on a trial upon such a complaint, certainly a mittimus issued would be likewise a nullity. The reason underlying this ruling is that jurisdiction does not attach.

The prisoner must be discharged, as is expressly provided by the statute: "(3) Where the process is void in consequence of some defect in matter or substance

[Chappell v. The State.]

required by law."   Code 1896, § 4838; Code 1907, § 7033.
Mere irregularity will not avail, since habeas corpus
is not serviceable to review the action of a tribunal
having acquired jurisdiction.—*Ex parte McGlawn*, 75
Ala. 38.

TYSON, C. J., and SIMPSON, ANDERSON, and DENSON,
JJ., concur.

DOWDELL, J.—(dissenting.)   I cannot concur in
the views of the majority of the court, as expressed in
the opinion of Justice McCLELLAN in this case.   In
my opinion the majority have misconceived the law of
the case, and the doctrine asserted, if adhered to, will
lead to dangerous consequences in the administration
of the criminal law.   The petitioner for writ of habeas
corpus, appellant here, was tried before a committing
magistrate, on preliminary investigation, for the viola-
tion of a criminal statute, and upon such trial and in-
vestigation was, in default of bail, committed to jail
to await the action of the grand jury.   While in the
custody of the sheriff under a mittimus in all respects
regular on its face, issued by the committing magistrate,
the appellant made application by petition to the circuit
judge for his (the petitioner's) discharge on habeas
corpus.   In response to the writ, the sheriff made re-
turn setting forth the mittimus which he held and de-
tained the prisoner.   The sheriff also included in the re-
turn made by him to the writ the affidavit and warrant
upon which the prisoner had been arrested and taken
before the committing magistrate for preliminary hear-
ing.   The inclusion of the affidavit and warrant in the
sheriff's return was wholly unnecessary, and it needs no
argument to demonstrate that their inclusion in such
return could in no sense affect the lawful custody of

C. 13

[Chappell v. The State.]

the prisoner by the officer under the mittimus. The office of affidavit and warrant was ended in the arrest of the prisoner and in the taking of him before the magistrate, and hence they were functus officio.

The cause was heard before the circuit judge on the petition, the sheriff's return thereto, and an agreed statement of facts (all of which will be set out by the reporter in his report of this case), and on such hearing the circuit judge made an order refusing to discharge the prisoner and remanding him to the custody of the sheriff. This judgment is here reversed by this court, and one is rendered discharging the petitioner; and in support of this ruling of the majority of the court, subdivision 3 of section 4838 of the Code of 1896 is cited, as also the following of our cases.—*Butler v. State,* 130 Ala. 127, 30 South. 338; *Johnson v. State,* 82 Ala. 29, 2 South. 466; *Miles v. State,* 94 Ala. 106, 11 South. 403. These cases, and others like them that might have been cited, in my opinion, have no application in principle whatever to the case before us. Each of these cases is an appeal from the judgment of conviction and sentence on final trial. Such is not the case here. The judgments were in those cases held invalid, not because of a want of jurisdiction in the court of the person or of the offense charged or attempted to be charged, but because the affidavit or complaint charged no offense. The proceedings in those cases were upon final trial of the accused, and in which the court assumed jurisdiction to final judgment of conviction. They were had under chapter 142, p. 237, of the Criminal Code of 1896, wherein a procedure is prescribed, and where, under section 4600, it is provided that the affidavit shall be in writing, and what shall be stated in the affidavit. In the case before us the proceedings before the magistrate were not of final jurisdiction to try the

cause, but were purely and strictly preliminary, and were instituted under an entirely different and independent chapter of the Criminal Code of 1896, viz., chapter 178, p. 403, entitled "Preliminary Proceedings."

In the opinion of the majority of the court it is stated that: "The affidavit exhibited ;with ʰthe petition, to which alone  *  *  *  the attaching of the jurisdiction of the justice of the peace can be referred and out of a hearing of which the mittimus presented by the sheriff issued, omitting other unimportant features, avers that the affiant has cause to believe and does believe that *in his opinion* (italics supplied) the defendant unlawfully delivered liquor in a prohibitory district." The opinion then proceeds to state, citing *Butler's Case,* that such a complaint will not support the judgment of the justice, and from this reasons to the conclusion that the mittimus is a nullity. The fallacy of the position of the majority lies in the erroneous supposition that the proceedings before the magistrate were had under the provisions of chapter 142 of the Criminal Code, and in a misapprehension of the question of jurisdiction. The committing magistrate certainly had jurisdiction of the person, for the prisoner was before him during the preliminary trial, and there can be no doubt of his jurisdiction as a committing magistrate of the subject-matter of the offense charged.

Turning to chapter 178, p. 403, Cr. Code 1896, subject, "Preliminary Proceedings," section 5204 is as follows: "Definition of Complaint is an allegation, made before a proper magistrate, that a person has been guilty of a designated public offense." The next section (5205) reads as follows: "Upon a complaint being made to any one of the magistrates specified in section 5161 (4680) that such offense has, *in the opinion of the complainant* (italics supplied), been committed, the magis-

trate must examine the complainant and such witnesses as he may propose, on oath, take their depositions in writing, and cause them to be subscribed by the persons making them." Sections 5206, 5207, provide for what the depositions must set forth, etc., and that, if the magistrate is reasonably satisfied that the offense complained of has been committed, etc., he must issue a warrant.

It is to be noted that the complaint is not required to be in writing. Here, however, the complaint, in form an affidavit, was in writing, and met every requirement of section 5205 as to necessary statements to be made in such complaint, and more besides. The majority of the court condemn the affidavit here, because the affiant avers that "in his opinion" an offense has been committed, yet this is the language of the statute in a complaint in a preliminary proceeding, as is the case here. Moreover, as stated above, the affidavit and warrant were functus officio. The mittimus was the process under which the sheriff lawfully detained the prisoner. An irregularity in some other process or proceeding, back of the mittimus, in my opinion, could furnish no just or lawful ground for a discharge of the prisoner. I think there can be no doubt that a commitment may be valid without a formal complaint and warrant, where the party is before the magistrate and it is developed in the course of a judicial investigation that he has violated a criminal statute.—In *Ex parte Thomas*, 100 Ala. 101, 13 South. 517, on a petition for habeas corpus, it was said by this court, speaking through Haralson, J.: "* * * when a party is arrested on a criminal charge, without a warrant, and is taken before a magistrate, who investigates the charge, and it appears to him that the offense has been committed, and there is a probable cause to believe that the defendant is guilty thereof, and he commits him to jail in default of a

bond, if the offense is bailable, or without bond, if not bailable, the commitment is legal. As conservators of the peace, magistrates are authorized, not only to issue warrants of arrest, but to commit persons already before them, when the occasion for the commitment judicially appears." This case, in my opinion, is conclusive of the question in the case before us, now under consideration, and is diametrically opposed in principle to the doctrine laid down by the majority here. I think the case of *Ex parte McGlawn,* 75 Ala. 38, cited in the opinion of Justice McCLELLAN, when properly understood, is an authority against, rather than in favor of, the views of the majority.

Section 4838, subd. 3, Code of 1896, cited as the law for the judgment of discharge of the prisoner here, reads as follows: "If it appears that the party is in custody, by virtue of process from any court legally constituted, or issued by any officer in the course of judicial proceedings before him, authorized by law, he can only be discharged: * * * (3) where the process is void in consequence of some defect in the matter or substance required by law." This section is found in chapter 157, title "Habeas Corpus." The rule of interpretation of statutes is that they are to be construed in pari materia, and hence this statute is to be taken and construed in connection with those statutes above referred to, relating to preliminary proceedings. As we have seen, the mittimus is the process under which the prisoner was held, and it was not only not void, but was in all respects regular on its face; so it would seem that subdivision 3 of section 4838, above set out, is without application.

But, if it should be conceded that the mittimus was void for the reason stated in the opinion of the majority, which, however, I think is unsound, I am still unable to

[Chappell v. The State.]

see how the majority of the court can arrive at their conclusion in the face of the provision of the next succeeding section (4839) of the Code, which reads as follows: "If it appears that the party has been legally committed for any public offense, *or that he is guilty of such an offense, although his commitment was irregular* (italics are mine), he may be remanded to the custody or restraint from which he was taken, if the person under whose custody or restraint he was is legally entitled thereto; and if not so entitled, he must be committed to the custody of the proper officer or person." The circuit judge, to whom the petition was addressed, is a conservator of the peace, possessing the powers of a committing magistrate, and it became and was his duty, under the provisions of section 4839, above set out, upon the hearing of the petition for habeas corpus, if it appeared to him that the party was guilty of the offense charged, not to discharge the prisoner, but to remand him to the custody from which he was taken. This the circuit judge did, upon the hearing, on an agreed statement of facts entered into by the prosecution and the prisoner in reference to the offense charged. This judgment of the circuit judge is here reversed upon a question not made by the petition before the circuit judge. The petition was based, not upon any defect of process, but, as disclosed by the record and the argument of counsel for the petitioner, upon the theory that the statute for a violation of which he was charged, is unconstitutional; and, in the second place, if the statute is constitutional, that the prisoner's act did not amount to a violation of the law. It was upon the adverse rulings by the circuit judge, upon these questions, that the petitioner brought this appeal.

It is true that the prisoner is charged only with a misdemeanor, but the same result—his discharge here—would follow, if he had been charged with the most

atrocious murder. So I repeat that the question involved is a serious one, and, if the doctrine laid down is adhered to, it will, in my judgment, lead to undesirable results in the administration of the Criminal law.