

RICE, J. Appellant was convicted of the offense defined and denounced by act of the Legislature of Alabama approved September 6, 1927, transporting prohibited liquors in quantities of five gallons or more. Acts Ala. 1927, p. 704.

We take the statement of the tendencies of the evidence directly from the brief filed on this appeal by appellant's able counsel, as follows: "The evidence on the part of the State tends to show that on or about March 23, 1928, two deputy sheriffs of Jefferson County, viz., W. H. Harrison, E. H. Gilmore, arrested defendant on the Hueytown road in a Studebaker Automobile; that they saw the Studebaker car a couple of hundred yards away when it approached them. That after stopping the car they proceeded to search it and looked under the front seat and in the back of the car but failed to find anything in the automobile; that they asked defendant where was his liquor and he claimed he did not have any; after finishing the search one of the officers walked around and opened the front door opposite the driver and right at the corner on the left hand side discovered a little opening, and this was opened and there was deposited between the back of front seat and the upholstering a copper tank containing more than five gallons of whisky. This situation was such that it could not be detected by ordinary observation."

As also quoted from the said brief: "The sole insistence in this case is that upon the entire evidence the defendant was entitled to have a verdict directed in his favor at the conclusion of the testimony."

The evidence, in our opinion, was ample to sustain the verdict of guilt, and discovering nowhere any prejudicial error, the judgment is affirmed.

Affirmed.

Denson & Denson and Samford & Samford, all of Opelika, for appellants.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

---

(123 So. 287)

**HIGHTOWER et al. v. STATE. (5 Div. 750.)**

Court of Appeals of Alabama. June 25, 1929.

BRICKEN, P. J. ■ After a careful, attentive consideration of this case by the court sitting en banc, we have reached the conclusion that under the undisputed facts the state failed to meet the burden of proof resting upon it necessary to a conviction under the second count of the indictment. Here, as in all criminal prosecutions, the presumption of innocence attended these appellants, and, in order to overcome such presumption, the state was under the duty to show, by the evidence (and that alone), their guilt beyond a reasonable doubt and to a moral certainty. The two latter terms are in effect synonymous.

■■ The testimony in this case affirma-

tively shows that one Rochelle Mathews owned and was in the possession of the still in question, and that he had pleaded guilty to the offense, and was, at the time of this trial, serving a term of imprisonment therefor in the penitentiary. There is no evidence showing, or tending to show, that either of these appellants was ever at the still place previously to the time the officers arrested them upon their arrival near there on a wagon, and before they had alighted from the wagon. Nor is there any evidence showing, or tending to show, that they, or either of them, ever exercised any control, dominion over, or possession of the still; and some evidence of this character is necessary and essential in order to sustain the charge. Mere presence at or near a contraband still is not sufficient upon which to base a verdict of guilt. A jury is not warranted in so finding upon a mere conjecture as to what the accused might have done, and where the evidence, as here, discloses the ownership and possession of the still in another, and at the same time fails entirely to show the guilt of the accused, the court should promptly so declare, and the affirmative charge in behalf of the accused should follow.

In this case the affirmative charge, requested in writing, was improperly refused. There was likewise error in overruling the motion for a new trial. Pouncey et al. v. State, 22 Ala. App. 455, 116 So. 803; Moultrie v. State, 20 Ala. App. 258, 101 So. 335; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Murphy v. State, 20 Ala. App. 624, 104 So. 686; Guin v. State, 19 Ala. App. 67, 94 So. 788; Seigler v. State, 19 Ala. App. 135, 95 So. 563.

Reversed and remanded.

(123 So. 291)

### EUDY v. STATE.   (8 Div. 745.)

Court of Appeals of Alabama.   June 25, 1929.

D. Isbell, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The evidence for the state in its strongest aspect tends to prove a still found by the officers in a clump of woods 335 yards from defendant's house and in defendant's pasture; a path leading from the still to defendant's barn, which was across the road from the dwelling. Defendant was not at home when the still was found, nor was he ever seen in the pasture, and no evidence tends to prove that defendant ever knew that there was a still so located, save such inference as might be drawn from the fact that the still was on his land. On the contrary, the testimony of defendant was to the effect that he was a man of good character; that he had other business which kept him away from home in the daytime; that he had no occasion to, and never went into, the pasture; that he knew nothing about the still and had nothing to do with it; that there were other parties living as close to the still as was defendant's dwelling.

It would be a dangerous doctrine to lay down a rule that the constructive possession incident to the location of a still in a pasture owned by a defendant, in which there were paths made by stock, leading from a spring branch to defendant's barn, is sufficient evidence upon which men may be convicted of felony and sent to the penitentiary.

The defendant was entitled to the general affirmative charge, and for the error in this respect the judgment is reversed and the cause is remanded. Whited v. State, 22 Ala. App. 492, 117 So. 396; Suggs v. State, 22 Ala. App. 311, 115 So. 289; Clayton v. State, 22 Ala. App. 276, 114 So. 787; Tuggle v. State, 22 Ala. App. 89, 112 So. 540; Parsons v. State, 20 Ala. App. 615, 104 So. 556.

Reversed and remanded.