(124 So. 399)
## FENNOY v. CITY OF HARTSELLE.
### (8 Div. 836.)

Court of Appeals of Alabama.   Oct. 29, 1929.

Almon & Almon, of Decatur, for appellant.

J. Marvin Kelley, of Hartselle, for appellee.

SAMFORD, J.   There are several questions presented by this record and insisted upon by appellant which we do not consider, for the reason that the one question which we do consider is decisive of this appeal.

■■ Two small kegs of whisky were found buried in the edge of a pond of water, within a pasture owned by defendant and 300 yards from his house.   These kegs were so buried as that they were 2 or 3 inches under the water and could not be seen by a person standing over them.   There was a funnel about 15 feet from one of the kegs and a tin pump shown to have been purchased by defendant hanging in a tree in the pasture. The pasture was inclosed by a wire fence, with a gate opening into the street or road, and directly in front of this gate there was a house where other parties lived.   There was no evidence that this defendant ever saw the kegs or knew they were buried in the pasture, and the only fact which would arouse a suspicion against him is that he bought a tin pump and that pump was found hanging in a tree in the pasture.   There was no evidence that the pump had ever been used in connection with the whisky.

Convictions for crime cannot be predicated upon suspicious circumstances only.   Such facts as are here related are of too easy simulation to authorize a conviction.   The eminent Chief Justice, whose heart and brain combined to write the great principles of law, laid down the rule applicable to this case in Ex parte Acree, 63 Ala. 234.   All courts and judges holding in their keeping the liberties of men charged with crime would do well to follow it.   This court recognizes the rule, and has followed it in many cases, notably Hayes v. State, 22 Ala. App. 264, 114 So. 674; Fair v. State, 16 Ala. App. 152, 75 So. 828; Cohen v. State, 16 Ala. App. 522, 79 So. 621; Tuggle v. State, 22 Ala. App. 89, 112 So. 540.

The evidence is not sufficient to justify a conviction.   The judgment is reversed, and the cause is remanded.

Reversed and remanded.