164 So. 397

## ETHRIDGE v. STATE.

### 2 Div. 560.

Court of Appeals of Alabama.
Nov. 26, 1935.

A. W. Stewart, of Marion, for appellant.

A. A. Carmichael, Atty. 'Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated upon the affidavit of one J. K. Townsend, before E. C. Washburn, a justice of the peace, who issued his warrant thereon returnable to the next term of the county court of Perry county. Said affidavit was as follows:

"The State of Alabama, Perry County,

"Before me, E. C. Washburn, a justice of the peace in and for said county in said State, personally appeared J. K. Townsend who being duly sworn, says on oath that he has probable cause for believing and does believe that the offense of violating the prohibition law has been committed in said county by A. J. Ethridge on the person or property of

"J. K. Townsend

"Sworn to and subscribed before me this the 14th day of July, 1934.

"E. C. Washburn, Justice of the Peace."

This appellant was arrested upon said warrant on July 17, 1934, and the trial of the case in the county court was held on August 6, 1934. In said court the defendant was tried upon the affidavit hereinabove set out in full. From a judgment of conviction in the county court, an appeal was taken to the circuit court, he was there tried upon a complaint filed by

the solicitor. The complaint of the solicitor read as follows:

"The State. of Alabama, Perry County.
"In the Circuit Court, Fall Term, 1934. On appeal from the County Court.

"The State of Alabama, by its Solicitor, complains of A. J. Ethridge, alias A. J. Eskridge, that, within twelve months before the commencement of this prosecution he did sell or have in possession illegally, prohibited liquors contrary to law.
"J. H. James, Solicitor.
"Filed 10/12/34
"Theo. Hurt, Clerk."

The trial in the circuit court resulted in defendant being again convicted, and the court duly made and entered a judgment of conviction, from which this appeal was taken.

On this appeal several instances of error are presented; but we may here advert to only one, this point being conclusive of this appeal and of this prosecution. The point of decision referred to is: Does the affidavit, in this case, which charged the defendant with "a violation of the prohibition law," authorize the issuance of a warrant of arrest, and support a judgment of conviction in the county court, and a judgment of the circuit court, on appeal,· of having possession of prohibited liquors?

The answer is, it does not for many reasons. An accusation of this character, whether by affidavit or indictment, is void and confers no jurisdiction upon the court or courts to ·hear and determine a charge for having in possession prohibited liquors. An affidavit such as the one under discussion being void, as stated, is a matter of which the courts must take notice ex mero motu; and a complaint filed by the solicitor in the circuit court on appeal from a conviction in the county court in such case will not suffice to give the circuit court jurisdiction.

The Constitution of Alabama 1901, provides in every case due process of law. The Declaration of Rights (Const. § 5) forbids the issuance of a warrant of arrest without probable cause supported by oath or affirmation; and section 6 the right of the accused to demand the nature and cause of the accusation against him and to have a copy thereof. Among other things, that section also provides that no person shall be deprived of life, liberty, or property, except by due process of law.

In the recent case of Slater v. State, 230 Ala. 320, 162 So. 130, 131, the Supreme Court has definitely decided the point of decision under discussion. In said case, the Supreme Court, among other things, stated:

"Our statute of long standing, designed to avoid the miscarriage of justice upon technical grounds, has provided that in charging misdemeanors in the county court the affidavit taken by the judge or a justice of the peace is sufficiently specific as to the offense charged in 'designating the misdemeanor by name, or by some other· phrase which in common parlance designates it.' Code, § 3815.

"This statute recognizes the essential requirement that the warrant must 'designate' the misdemeanor in such manner that the man of ordinary intelligence may know what offense he is called upon to answer.

"Our prohibition laws contain special provisions designed to aid in their enforcement. Among these, it is provided: '* * * In an indictment, complaint or affidavit for selling, offering for sale, keeping for sale, or otherwise disposing of prohibited liquors and beverages, it is sufficient to charge that the defendant sold, offered for sale, kept for sale or otherwise disposed of prohibited liquors and beverages, and on the trial under a charge in either form, any act of selling in violation of law embraced in the charge may be proved, and the charge in each of said forms shall be held to include any device or substitute for any of said liquors,' with further provisions that the kind or quantity of prohibited liquors manufactured or sold need not be alleged, nor the name of the person to whom sold. Code, § 4644.

"It is further provided that the indictment or affidavit may charge several offenses against the prohibition laws in separate counts, etc. Code, § 4645.

"These statutes do not undertake to authorize a blanket charge of violating the prohibition law, but look to a designation of the offense, or of several related offenses, each sufficiently specified, in one indictment or affidavit.

"The prohibition law of Alabama is embodied in chapter 167 of the Code, consisting of 16 articles, sections 4615 to

602

4800, inclusive, together with legislative acts since the adoption of the Code of 1923.

"It is quite an inclusive system of laws with the declared purpose of suppressing the evils of intemperance. This end is sought to be attained by prohibiting the 'manufacture,' the 'sale or giving away,' the 'transportation,' the 'storage,' and finally the 'possession' of prohibited liquors therein elaborately defined.

"It creates many offenses, both misdemeanors and felonies. Among misdemeanors are those relating to the sale, disposition, or possession, and others relating to administrative features of the law, including derelictions of public officers. Among felonies are manufacturing prohibited liquors, possessing a still, and the five-gallon law. * * * .

"We have held such proceedings void, violative of the bill of rights, for failure to show probable cause on oath (Johnson v. State, 82 Ala. 29, 2 So. 466; Butler v. State, 130 Ala. 127, 30 So. 338), for failure to sufficiently identify or specify the offense charged (Miles v. State, 94 Ala. 106, 11 So. 403), and because of insufficiency of a statute to define or specify the acts which are denounced as criminal (response to certified questions from Court of Appeals, in State v. Skinner, 20 Ala.App. 204, 205, 101 So. 327).

"We are impelled to hold that a blanket charge of violation of the prohibition law of Alabama as it now exists does not designate any distinct or specific offense by name or as known in common parlance. It is equally applicable to any one of numerous distinct offenses, some misdemeanors, some felonies, each depending on its own state of facts. A charge of violating the law of the road, or the public health laws, would be equally specific. We must, therefore, hold the affidavit void. 16 C.J. pp. 293, 294, § 505 and notes.

"This want of an affidavit, the initial step in the prosecution, goes to the jurisdiction of the court. The court must take notice ex mero motu. Thomas v. State, 166 Ala. 40, 52 So. 34; Dunklin v. State, 134 Ala. 195, 32 So. 666.

"A complaint filed by the solicitor in the circuit court on appeal from a conviction in the county court in such case will not suffice to give the circuit court jurisdiction. Miles v. State, supra; Butler v. State, supra."

There are numerous opinions of this court not in harmony with the decision in this case. Such decisions are hereby modified or overruled, and future proceedings of this character must conform to this opinion.

From what has been said, it follows that the judgment of conviction from which this appeal was taken is reversed. And as the original affidavit is void and as a result conferred no jurisdiction, and the statute of limitations has perfected a bar as to the offense complained of and attempted to be charged against this appellant, a judgment is here rendered discharging this appellant from further proceedings in this connection. He is therefore discharged.

Reversed and rendered.