191 So. 810

**CAMPBELL v. STATE.**

8 Div. 790.

Court of Appeals of Alabama.
June 13, 1939.

Rehearing Denied June 30, 1939.

Reversed on Mandate Oct. 31, 1939.

Robert E. Coburn, Jr., of Moulton, and
Henry D. Jones, of Florence, for appellant.

92.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The prosecution in this case originated in the County Court of Lawrence County, Alabama. Said court was established by an act of the Legislature, approved August 29, 1919. Local Acts Alabama, 1919, page 86. Section 13, of said act, provides: "that prosecutions may be instituted or commenced in said County Court as is now provided for by law."

As a consequence of the foregoing provision, in order to properly bring a charge of misdemeanor in said court, it is necessary to comply with the provisions and requirements of Section 3815 of the Code 1923, wherein it is provided that a party aggrieved, or desiring to bring a charge of misdemeanor before the County Court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and upon making affidavit in writing, that *he has probable cause for believing,* and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it) has been committed in said county, by C. D. (naming the offender) and to properly name the alleged offender his Christian name should be stated, if known, and if such Christian name is not known to affiant, that fact should appear in the affidavit, by the statement, "whose name is otherwise unknown to affiant." Du Bose v. State, 19 Ala. App. 630, 99 So. 746.

The affidavit upon which this prosecution is based in no manner complies with the foregoing necessary requirements, and as a consequence is void, and a judgment of conviction could not be had thereon.

Johnson v. State, 82 Ala. 29, 2 So. 466; Miles v. State, 94 Ala. 106, 11 So. 403; Butler v. State, 130 Ala. 127, 30 So. 338; City of Selma v. Shivers, 150 Ala. 502, 505, 43 So. 565; Chappell v. State, 156 Ala. 188, 192, 47 So. 329; Ethridge v. State, 26 Ala.App. 600, 164 So. 397; Slater v. State, 230 Ala. 320, 162 So. 130.

Pretermitting the foregoing, which has merely been stated for the guidance as to proper procedure in said court.

The attempted charge in the case at bar was that the accused did on the 17th day of April 1937 *sell* prohibited liquors. No other alternative averment was contained in the purported affidavit.

As a consequence, the State was under the duty to offer evidence, under the required rule as to measure of proof, to sustain said charge. This the State failed to do. A careful consideration of the entire evidence fails to disclose that this appellant sold prohibited liquors. We find upon investigation that but two witnesses were examined upon the trial of this case. The Sheriff and his son. Each of them testified they saw the defendant in her home in possession of some beer. When asked the direct question, witness G. D. Byars (Sheriff) replied: "I do not have any knowledge that any beer was sold." Likewise, State witness Roy Byars (Deputy Sheriff) stated: "I didn't see any money passed there that day. So far as I know there wasn't any sale made." The foregoing being the only testimony offered to support the charge of *selling* prohibited liquors, it is difficult to conceive how the lower court could permit the conviction to stand, and upon what theory the affirmative charge requested by defendant was refused, or the motion for a new trial overruled.

Conviction for crime cannot be predicated upon suspicion. Moon v. State, 19 Ala.App. 176, 95 So. 830; Gay v. State, 19 Ala.App. 238, 96 So. 646; Ammons v. State, 20 Ala.App. 283, 101 So. 511; Coggin v. State, 23 Ala.App. 135, 122 So. 186; Fennoy v. City of Hartselle, 23 Ala.App. 294, 124 So. 399.

Jury may not convict on mere conjecture as to what accused may have done. Hightower v. State, 23 Ala.App. 235, 123 So. 287; Catrett v. State, 25 Ala.App. 331, 146 So. 287.

Mere suspicion, surmise, or conjecture will not sustain conviction. Mc-

Kinnon v. State, 24 Ala.App. 537, 137 So. 677; Riley v. State, 24 Ala.App. 594, 139 So. 576; Hand v. State, 26 Ala.App. 317, 159 So. 275.

■ The judgment of conviction from which this appeal was taken is reversed. As no conviction can be had in this case, as above stated, a judgment is here rendered discharging appellant from further custody in this proceeding.

Reversed and rendered.

On Rehearing.

The application for rehearing on behalf of the state is predicated principally upon the following insistence in brief of the Attorney General, towit: "Conceding that this cause was correctly reversed by the Court of Appeals because of the insufficiency of the evidence to show a sale of prohibited liquors, it is earnestly insisted by the appellee that such cause should have been remanded for a new trial rather than rendered, because in this case, as stated, the jury could have found defendant guilty of an attempt to sell prohibited liquors. Code Section 3307, Code of Alabama of 1923, gives the jury the right to find the defendant guilty of an attempt to commit an offense charged in the indictment, without any special count in the indictment for such attempt."

The foregoing insistence pretermits the most salient provision of the statute referred to and relied upon.

Section 3307 provides, upon the trial of *an indictment* for any offense, the jury may find the accused not guilty of the offense charged in *the indictment,* but, *if the evidence warrants it,* guilty of an attempt to commit such an offense, without any special count in the *indictment* for such attempt. (Italics ours.)

■ This court, or any other court, is without authority to extend the provisions of the foregoing statute. The statute says what it means, and means what it says. It limits its operation to trial upon *indictment,* and there is no provision for its application to prosecutions based, as here, upon an affidavit or complaint. Moreover, as stated, a salient provision of said statute which would justify the jury when finding the accused not guilty of the offense charged in the indictment, but could find him guilty of an attempt to commit such offense is only if and *when the*

*evidence warrants it.* In this case, we reiterate there was no evidence adduced upon the trial of this case upon which a verdict of guilty of the offense charged could be rested. We also now hold that there was no evidence on the trial of this case to warrant the jury in returning a verdict of guilty of an attempt to commit such offense.

We adhere to the order of this court as formerly entered and adjudged.

Application for rehearing overruled.

After Remandment.

The criticism and discussion in our original opinion in this case as to the insufficiency of the affidavit is hereby modified to conform to the decision of the Supreme Court in Campbell v. State, Ala.Sup., 191 So. 812,[1] and the order here "rendering" a judgment discharging appellant from further custody in this proceeding is hereby withdrawn and held for naught, in line with the holding of the Supreme Court, supra.

We adhere to our original opinion wherein it was held that the court erred in refusing to give the affirmative charge requested by the defendant. The discussion on this proposition in the original opinion is reiterated and results that the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.