3 So.2d 95

## GILBERT v. STATE.
### 8 Div. 995.

Court of Appeals of Alabama.
June 17, 1941.

Brown & Conway, of Albertville, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The conviction of this appellant, defendant in the lower court, of the offense of grand larceny, upon the evidence disclosed by this record, was wrong and unjust, and to let such conviction stand would, in the opinion of this court, be unconscionable. The meagre and unsatisfactory testimony upon which said conviction was rested is insufficient even to create a scintilla of evidence against the accused, and as has been definitely decided the scintilla rule may not be applied in a criminal case, the insistence of the Attorney General to the contrary, notwithstanding. In this connection it is insisted by the Attorney General, "A case must be submitted to the jury where there is a scintilla of evidence supporting the charge," citing our case of Skinner v. State, 22 Ala.App. 457, 116 So. 806. Since the rendition of the opinion in the Skinner case, supra, the Supreme Court has held such proposition unsound. Ex parte Grimmett, 228 Ala. 1, 152 So. 263. In said case the court said: "After an examination of the authorities, we have been unable to find any decision of this or any other court of last resort that has invoked the 'scintilla rule' to uphold a criminal prosecution." The court further stated: "The general rule, to which there are some exceptions, is that, on the trial of the issue in civil cases, the parties enter upon the trial, unaided by any presumptions, with the burden on the party asserting the affirmative of the issue, but in criminal prosecutions, where the plea of not guilty is interposed, the defendant goes to trial attended by the presumption of innocence, which, under the uniform holdings of this court, is a matter of evidence which attends him through the trial. Bryant v. State, 116 Ala. 445, 23 So. 40; Newsom v. State, 107 Ala. 133, 18 So. 206."

In our case of McKee v. State, 26 Ala. App. 589, 164 So. 305, this court said: "The scintilla rule has no application in a criminal prosecution, where the accused enters upon his trial clothed with the presumption of innocence. Such presumption is evidentiary in its nature and by which the accused is accompanied throughout the trial, or until such period thereof, where his guilt is established by the evidence beyond a reasonable doubt and to a moral certainty; 'whch means, in effect, there must be substantial legal evidence to prove all the elements of the offense charged."

The Skinner case, supra, is hereby expressly overruled on this point.

The rules of law applicable to the trial of this case are well stated by the Supreme Court, in the case of Brown v. State, 118 Ala. 111, 114, 23 So. 81, where the following charges were approved as correctly stating the law: "(8) 'The burden is upon the state, and it is the duty of the state, to show, beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty; and, unless the state has done that in this case, it is your duty, gentlemen of the jury, to render a verdict of not guilty.' (9) 'The only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence, beyond a reasonable doubt, and to a moral certainty, that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence, and every reasonable doubt of his guilt; and if the prosecution has failed to furnish such measure of proof, and to so impress the minds of the jury of his guilt, they should find him not guilty.' (10) 'Before the jury can convict the defendant, they must be satisfied, to a moral certainty, not only that the proof is consistent with the guilt of the defendant, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty.' "

The fundamental law of this State, and of the United States, provides that no person shall be accused, arrested or detained except in the manner and form provided by law; and these sacred and valuable constitutional and statutory rights of the citizen should be meticulously and carefully regarded by the trial courts. Courts

are established for the administration and promotion of justice, not for oppression and injustice, and no court has the right or power to render judgments based upon suspicion, surmise or conjecture.

"Conviction cannot be predicated upon suspicion. Moon v. State, 19 Ala.App. 176, 95 So. 830; Gay v. State, 19 Ala.App. 238, 96 So. 646; Ammons v. State, 20 Ala.App. 283, 101 So. 511; Coggin v. State, 23 Ala. App. 135, 122 So. 186; Fennoy v. City of Hartselle, 23 Ala.App. 294, 124 So. 399.

"Jury may not convict on mere conjecture as to what accused may have 'done. Hightower v. State, 23 Ala.App. 235, 123 So. 287; Catrett v. State, 25 Ala.App. 331, 146 So. 287.

"Mere suspicion, surmise, or conjecture will not sustain conviction. McKinnon v. State, 24 Ala.App. 537, 137 So. 677; Riley v. State, 24 Ala.App. 594, 139 So. 576; Hand v. State, 26 Ala.App. 317, 159 So. 275."

The numerous principles and rules of law hereinabove announced appear to have been disregarded, or at least not observed or followed in the trial of this case in the court below, as no testimony was adduced sufficient even to carry the case to the jury, as has been stated. The trial court should have so held, and in overruling defendant's timely motion to exclude the State's evidence, also in overruling and denying his motion for a new trial, and refusing to defendant the requested affirmative charge the court in each instance erred to a reversal necessitating the reversal of the judgment of conviction from which this appeal was taken. Such is the order of this court, and the cause is hereby remanded to the lower court for further consideration in line with what has been here said.

Reversed and remanded.