BOWEN, Judge.
On the afternoon of February 15, 1977, the manager of the Cowboy Corner Western Store was robbed by one man with a pistol and an unidentified confederate. The appellant was indicted and convicted for this crime and sentenced to ten years’ imprisonment. His retained attorney on appeal has filed no brief.
Because the evidence of the appellant’s guilt of the charged crime was insufficient we must reverse the conviction. To reveal the glaring deficiencies in the evidence presented by the prosecution, we need only quote from that portion of the state’s brief.
The State presented the following:
“Albert Winegardner testified he was operating Cowboy Corner Western Store on February 15, 1977; that he and Jack Payne were there when, about 2:30 or 2:45 p. m., a black man wearing a turtle neck sweater, ski cap, earth shoes and a tan coat robbed him of approximately $440.00 took 4 coats valued at $600.00 and his watch; that the robber used a .38 caliber pistol and tied up witnesses and Jack Payne and then the robber was joined by another person and they left; that he got loose, went to Taco Bell and called the police; that one robber called the other one ‘Sonny’; that a small car left peel marks near the store.
“After voir dire hearing on motion to suppress evidence of photographic identification and it being overruled. McKinley David Jackson testified he had taken his young sister-in-law to Taco Bell and proceeded north; that a car coming from the vicinity of Cowboy Corner passed him at a fast rate of speed; that the car *343 contained . two black people; that the Vega turned north at Pleasant Road. Witness identified defendant as the driver. On cross-examination witness admitted he had picked out defendant from among six pictures shown him at the Police Department. Witness stated he saw defendant in the automobile for about 30 seconds. State rested.” (References to record omitted)
Mr. Winegardner could not identify the appellant as being one of the robbers and did not hear or see the two men escape in an automobile.
We have carefully considered the facts and are of the opinion that the evidence established nothing more than a suspicion of appellant’s guilt. Colley v. State, 41 Ala.App. 273, 275, 128 So.2d 525 (1961). A jury may not convict on mere conjecture as to what the accused may have done. Campbell v. State, 29 Ala.App. 91, 191 So. 810, reversed on other grounds, 238 Ala. 439, 191 So. 812 (1939).
“Human liberty is too sacred and has been too dearly bought to authorize a conviction, except upon legal evidence connecting the defendant with the commission of a crime, and that beyond a reasonable doubt. Facts which would warrant a suspicion, however strong, do not overcome the presumption of innocence.” Tuggle v. State, 22 Ala.App. 89, 90, 112 So. 540 (1927).
The motion for a directed verdict in favor of the appellant was due to be granted. Failing that the motion for a new trial should have been granted. Under the evidence presented the jury should not have been permitted to consider the guilt or innocence of the appellant. Therefore the conviction of the appellant is reversed and this cause is remanded to the circuit court.
REVERSED AND REMANDED.
All Judges concur.