# Harris *v.* The State.

## *Larceny.*

(Decided Feb. 18, 1909. 48 South. 671.)

1. *Larceny; Affidavit; Sufficiency.*—An affidavit which charges the commission of the offense of larceny, or of any other offense, as a fact, is stronger than is required by the Constitution and statutes and is sufficient on which to issue process and found a conviction.

2. *Criminal Law; Appeal; Record.*—Where the grounds of demurrer to an affidavit is not set out in the record, this court cannot know on appeal whether the trial court erred or not in its rulings thereon.

3. *Appeal; Presumptions; Evidence.*—Where there is no bill of exceptions showing what the evidence was before the trial court, it will be presumed on appeal to have been sufficient to support the conviction.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

From a conviction of petit larceny John Harris appeals. Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State. No demurrer is set out in the record and hence no ruling is presented on that question.—*McQueen v. The State,* 138 Ala. 63. The court properly allowed the affidavit to be amended.—*Light v. The State,* 136 Ala. 139.

ANDERSON, J.—The affidavit or complaint in this case is sufficient to support a conviction. It is true it does not aver a probable cause, etc.; but it goes further,, and affirms the commission of the offense as a fact, thus being stronger than is required by the Constitution and

the statute. The affidavit in this case is unlike the one condemned in the *Butler Case*, 130 Ala. 127, 30 South. 338. There it did not affirm the commission of the offense, etc., as facts, but merely stated that the affiant had reason to believe, etc. The grounds of demurrer not appearing of record, we cannot know that the trial court erred in its rulings thereon.

The cause was tried by the court without a jury. There is no bill of exceptions showing the evidence; hence we cannot know what it was, but must presume that it was sufficient to support the conviction.

We are unable to find any error in the record, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, DENSON, McCLELLAN, and SAYRE, JJ., concur.

MAYFIELD, J.—(dissenting). This is an appeal from a conviction of petit larceny. The prosecution and the judgment of conviction are based solely upon an affidavit and warrant. The affidavit is as follows:

"The State of Alabama, Jefferson County. The Criminal Court of Jefferson County. Personally appeared before me, H. B. Abernathy, judge of the inferior court of Birmingham, Ala., in and for said county, Louis R. Dean, who had probable cause to believe and does believe, who being duly sworn says that John Harris and Will Baggett, whose other and further names are unknown to affiant, within twelve months before making this affidavit, in said county did feloniously take and carry away one copper tank, twenty feet of lead pipe, and fourteen brass valves, all being of the aggregate value of twenty-two and 50/100 dollars, the property of Wiley B. Burton, against the peace and dignity of the state of Alabama. Louis R. Dean.

[Harris v. The State.]

"Subscribed and sworn to before me this 23d day of February, 1908. H. B. Abernathy, Judge of the Inferior Court of Birmingham, Ala."

The process was made returnable to the criminal court of Jefferson county, and was tried by one of the judges of that court without a jury. The defendant demurred to the affidavit, which demurrer was overruled, as is sufficiently shown by the judgment entry; but the demurrer itself is not shown by the transcript. The affidavit was amended, by consent of the defendant, by striking out the phrase, "twenty feet of lead pipe and fourteen brass valves." One of the defendants demanded a severance, and separate trials were had, resulting in the conviction of both defendants, from which judgments of conviction they appeal.

There is no bill of exceptions, no assignment of errors, and no brief of counsel. No complaint or statement was filed by the solicitor. The judgment must rest solely upon the affidavit set out above. The affidavit is wholly insufficient for such purpose. The statute of this state prescribe the form and sufficiency of such affidavits, and the one in question does not conform to the requirements. It does not show that the complainant made affidavit or oath, as required by the statute, that he "had probable cause for believing and that he did believe that the offense charged was committed," etc. True, this phrase is in the jurat, but it is a mere gratuitous recital of the magistrate before whom the affiant appeared, and who issued the warrant, and it affirmatively appears that the affiant did not make oath to this fact. The affidavit would be in all things sufficient to charge petit larceny, but for the failure to make oath to this statutory requirement. Indeed, the affidavit literally follows the Code form for an indictment for petit larceny; hence, if it were an indictment, it would be sufficient.

[Harris v. The State.]

It does, in a sense, seem to be extremely technical to hold that an affidavit which follows the Code form for an indictment, is insufficient; yet it is only by virtue of the statute that either the one or the other is sufficient to support a conviction. The statutes prescribe the sufficiency of each, and do not make the form for one sufficient for the other. It appears from the statute that the sine qua non of an affidavit to authorize the issue of a warrant, and to support a conviction, is the oath of the affiant that he has probable cause for believing and does believe that a given offense has been committed. The fact that he swears the offense has been committed does not dispense with the necessity of his making oath that he has probable cause for believing and does believe it. This is just as necessary as it is to swear to the identity of the offense or of the person; nor can the recital of the fact by the magistrate, in the jurat, take the place of the oath of the affiant to the fact.

This is clearly shown by comparing the two statutes; one authorizing affidavits and warrants to support prosecutions and convictions for misdemeanors (section 6703 of the Code of 1907), and the other authorizing affidavits and warrants for prosecutions in preliminary proceedings (sections 7585-7587 of the Code). The one requires the affiant to make oath in writing that he has probable cause for believing and does believe, etc., while the latter requires the magistrate, upon complaint being made to him, whether oral or written, that in the opinion of the affiant a given offense has been committed, to examine on oath the affiant and such witnesses as he may propose and take their depositions in writing, and cause the same to be subscribed by them, and if the magistrate be satisfied from these depositions that the offense has been committed, and

that there is reasonable ground to believe that the defendant is guilty thereof, he must issue a warrant. In the one case, for prosecutions for misdemeanors in county and inferior criminal courts, the law requires only that the complainant make affidavit that he has probable cause for believing and does believe that the offense named has been committed and that the defendant named is guilty thereof; whereas, in preliminary proceedings, it requires the magistrate to take the oath or deposition in writing of the complainant and of other witnesses named by him, and then if the magistrate is reasonably satisfied from such depositions that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant is guilty thereof, he must issue the warrant.

These two kinds of process—one for instituting prosecutions, in county and other criminal courts, for misdemeanors; the other for instituting preliminary proceedings, usually as to felonies—have been confused; the one often used for the other, or parts of both proceedings combined in one, thus rendering it insufficient for either. In fact, the former is often used for the latter, without any authority of law; and this is a case where there is an apparent attempt to use a part of both for the former, but it is wholly insufficient, and cannot support a conviction.—Section 6703, Code; *Butler v. State,* 130 Ala. 127, 30 South. 338; *Miles' Case,* 94 Ala. 106, 11 South. 403; *Johnson's Case,* 82 Ala. 29, 2 South. 466.